**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
Kolin Tang (SBN 279834)
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
Telephone: (323) 510-4060
Facsimile: (866) 300-7367
Email: ktang@sfmslaw.com

[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL SCHEPLER, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>AMERICAN HONDA MOTOR CO., INC., )<br><br>Defendant. ) | CIVIL ACTION NO. 2:18-cv-6043-GW-AFM<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff, Bill Schepler ("Plaintiff"), by and through his attorneys, files this action on behalf of himself and all others similarly situated against Defendant, American Honda Motor Co., Inc. ("Defendant" or "Honda"), and alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action individually and on behalf of a proposed nationwide class (more fully defined below) for the benefit and protection of purchasers and lessees of Defendant's model years 2017 and 2018 Honda CR-

Vs ("CR-V(s)" or "Vehicles").  As alleged herein, Defendant deceptively markets and advertises the CR-V as having a seating capacity of five and having, as one of its passive safety features, 3-point seat belts at all seating positions when, in fact, it does not, because if there are three adult passengers or even a single car seat in the back seat of the CR-V, the three passengers cannot simultaneously buckle their seat belts safely, in direct contradiction to Defendant's marketing and advertisements, owner's manual and warranty.  Further, the utilization of a car seat can compromise the ability to maintain the buckled status of the belts.  This causes a safety issue as it prevents customers from safely seating five people in a CR-V at any given time.

2.    At all relevant times, Defendant has deceptively marketed, advertised, and sold the CR-Vs as vehicles with a seating capacity of five with 3-point seat belts at all seating positions, when, in fact, the three backseat seat belts cannot safely and without overlap be used simultaneously, with the use of even one car seat.

3.    Plaintiff brings this action on behalf of himself and all other similarly-situated consumers to stop Defendant's false and misleading advertising relating to the sale and lease of the CR-Vs and to obtain redress for those who have purchased CR-Vs across the United States.  Plaintiff alleges violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1, *et seq.* ("ICFDBPA"), and breach of warranty under Illinois law.

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because the claims relating to the matter in controversy exceed $5 million, exclusive of interest and costs, the proposed class has at least 100 members, and this is a class action in which certain of the class members (including Plaintiff) and Defendant are citizens of different states.

5.    Venue is proper in this judicial District under 28 U.S.C. § 1391 because Defendant is a resident of this judicial District and does business throughout this District and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in or emanated from this District.

6.    At all pertinent times, Defendant was engaged in the marketing, advertisement, and sale of CR-Vs, which are the subject of this lawsuit, in this District and throughout the United States.

## PARTIES

7.    Plaintiff is, and, at all times relevant to this action has been, a resident of Sycamore, Illinois, and, thus, is a citizen of Illinois.

8.    Defendant is a North American subsidiary of Honda Motor Company, Ltd., and was founded in 1959.  Defendant is headquartered in Torrance, California, and, thus, is a citizen of California.  Defendant markets and sells the CR-Vs throughout the United States, including in this District.

## SUBSTANTIVE ALLEGATIONS

9.    This is an action brought against Defendant on behalf of Plaintiff and all persons who purchased or leased a CR-V in Illinois.

10.    The CR-V is a crossover SUV and is Defendant's mid-range utility vehicle, originally introduced into the North American market in 1997.

11.    Defendant deceptively markets and advertises the CR-V as having a seating capacity of five with 3-point seat belts at all seating positions.[1]

12.    On November 30, 2016, Defendant issued a press release regarding the specifications and features of the model year 2017 CR-V, which listed a seating capacity of five.[2]

---

[1] Model information, http://owners.honda.com/vehicles/information/2018/CR-V/specs#mid^RW1H5JJW (listing the specifications for the 2018 Honda CR-V, including passive safety features) (last visited July 10, 2018).

[2] Honda, 2017 Honda CR-V Press Kit Specifications & Features, http://hondanews.com/releases/2017-honda-cr-v-press-kit-specifications-features?page_size=60&page=5 (last visited July 10, 2018).

13.     The model year 2017 CR-V was substantially redesigned and re-engineered from the previous model, but the model year 2018 CR-V was essentially unchanged from the 2017 model.[3]  The backseat seat belt buckle configuration was among the features that remained the same between the 2017 and 2018 models.

14.     Defendant published a brochure advertising the features and benefits of the 2018 CR-V, which included a description of the vehicle as having "[e]xcellence in every detail," including "spacious seating for five."[4]

15.     One feature of a vehicle that all consumers are aware of prior to purchasing or leasing a vehicle is its advertised seating capacity.

16.     The 2017 CR-V Owner's Guide and 2018 Owner's Manual (the "Manual(s)") each contain entire sections dedicated to the seat belt features of the CR-V.[5]  Both Manuals specifically state that "[a]ll five seating positions are equipped with lap/shoulder seat belts with emergency locking retractors."[6]  The Manuals also provide instructions on how to fasten a seat belt by "[i]nsert[ing] the latch plate into the buckle" and warn to "[m]ake sure that the belt is not twisted or caught on anything."[7]  Further, the specifications of the Vehicle promise and warrant that it has a capacity of five, with two passengers in front and three passengers in back.

---

[3] *See* Car and Driver, 2018 Honda CR-V, https://www.caranddriver.com/reviews/2018-honda-cr-v-in-depth-model-review (last visited July 10, 2018).

[4] 2018 CR-V Brochure at 4 (available for download at https://automobiles.honda.com/cr-v?from=crv.honda.com#) (last visited July 10, 2018).

[5] *See* CR-V 2017 Owner's Guide, http://techinfo.honda.com/rjanisis/pubs/QS/AH/ATLA1717OG/enu/ATLA1717OG.PDF at 5-8 (last accessed October 11, 2018 [hereinafter "2017 Guide"]; CR-V 2018 Owner's Manual, http://techinfo.honda.com/rjanisis/pubs/QS/AH/ATLA1818OG/enu/ATLA1818OG.PDF at 40-48 (last accessed July 10, 2018 [hereinafter, "2018 Manual"].

[6] 2017 Guide at 8; 2018 Manual at 40.

[7] 2017 Guide at 10; 2018 Manual at 7.

17.    Honda recognizes the utter necessity of the proper use of seat belts in its Vehicles and provides the following "warnings" in its Manual:  1) "Not wearing a seat belt properly increases the chance of a serious injury or death in a crash, even though your vehicle has airbags.  Be sure you and your passengers always wear seat belts and always wear them properly;" and 2) "Make sure all seatbelts are properly positioned before driving."[8]

18.    Honda also recognizes that the CR-V will be used to hold children in car seats in the rear seats, which it states is the "safest place for a child," and, in fact, provides, *inter alia*, the following warnings in its Manual: 1) "Children who are unrestrained or improperly restrained can be seriously injured or killed in a crash;" and 2) "Always place a rear-facing child seat in the rear seat, not the front."[9]

19.    The CR-V provides two methods of installing a child seat, using a LATCH-Compatible seat or using the lap/shoulder belt. The 2017 Manual provides that LATCH -Compatible seats can be installed at *any* of the rear seat positions.[10] However, according to the 2018 Manual, the CR-V will only allow a LATCH-Compatible seat to be installed in either of the two outer rear seats (but not the middle rear seat), while a child seat using the lap/shoulder belt can be installed in any rear seat.[11]

20.    From the early days of child restraint regulations, the center rear seat position has been considered the safest place in the car, since it is farthest from the exterior of the vehicle and therefore furthest from impact and intrusion

---

[8] 2017 Guide at 8-10; 2018 Manual at 5-7.

[9] 2017 Guide at 18-21; 2018 Manual at 15-17.

[10]2017 Guide at 21.

[11] 2018 Manual at 18-19.

from any direction.  If there are two other passengers in the back seat however, that safety configuration is not available in the Honda CR-V.

21.     Further, when child seats are installed in the rear outboard occupant positions, the middle passenger must somehow squeeze between the two child seats and then attempt to buckle their seat belt. Insertion of the center rear latch plate into the buckle is extremely difficult due to the lack of lateral space for the center rear occupant. Additionally, access to this buckle to release it in the event of a vehicle fire, water immersion, or vehicle crash would be extremely difficult for the occupant and likely impossible for others trying to release the occupant under these, or other, emergency conditions.



22.     Plaintiff was deceived and reasonable consumers could be deceived and were deceived, as to the Vehicle's actual capacity when having at least one child seat in the rear seat of the Vehicle.  This was and is, a material fact for Plaintiff and the class.

23.     Honda's creation of, and false representations and omissions about, the situation where the seat belt cannot be worn, because it is not accessible or is

otherwise blocked by the existence of a child seat in the Vehicle, is a breach of its warranty that states that Defendant is providing a five-seater car that actually has five usable, safe seats.

24.    The CR-Vs are covered by a three-year, 36,000-mile warranty, under which Defendant will repair or replace any part that is defective in material or workmanship under normal use.[12]

25.    The CR-Vs are also covered by a Seat Belt Limited Warranty that continues for 15 years or 150,000 miles and states that: "While seat belts cannot completely remove the possibility of injury, they do provide a very significant level of protection when used properly. Honda believes the best way to enhance your safety is to use your seat belt. To encourage their use, the seat belts should always be in good operating condition."[13]

26.    However, despite stating that it encourages seat belt use and warranting that it will "repair or replace" (including the parts and labor charges) any Honda seat belt component that "fails to function properly during normal use," Honda sells its CR-V knowing that if there is a car seat in the rear, there cannot be two other passengers safely buckled into the rear seat belts as warranted by Honda, and that the seat belts cannot, and do not, function properly during this normal use.  Specifically, Honda omits to state the material fact that it is impossible for the anchor buckle and rear driver's-side passenger's buckle to be utilized at the same time, without both seat belts overlapping, twisting, and/or catching.  Despite requests by Plaintiff and Class members, Defendant admits that it cannot repair or replace the seatbelts.  Defendant's action, in

---

[12] Warranty Booklet for 2017 CR-V at 9, http://owners.honda.com/Documentum/Warranty/Handbooks/AWL_02971_2017_Honda_Warranty_Basebook__KA__FINAL.pdf [2017 Warranty Booklet] (last visited July 10, 2018); Warranty Booklet for 2018 CR-V at 9, http://owners.honda.com/Documentum/Warranty/Handbooks/2018_Honda_Warranty_Basebook_AWL05251_FINAL.pdf (last visited July 10, 2018) (collectively hereinafter, "Warranty Booklets").

[13] 2017 Warranty Book at 28.

failing to repair a known seatbelt defect, which defect it knows actually *discourages* seatbelt use, and is therefore a safety hazard, constitutes a breach of the Limited Warranty and the Seatbelt Limited Warranty.

27.    The CR-V backseat seat belts are deployed such that the rear driver's-side seat belt and rear passenger's-side seat belt are retractable to the side of the Vehicle nearest the passenger's shoulder.  The seat belt for the rear middle seat, however, is a seat belt with a detachable anchor, which retracts into the ceiling of the Vehicle.[14]  There is an "anchor buckle" to the middle passenger's left wherein a small latch plate may be buckled.  The passenger may then proceed to fasten the seat belt normally, inserting the large latch plate into the buckle to the passenger's right.  The following images and instructions from the 2017 Guide illustrate:[15]

---

[14] *See* 2017 Guide at 11; 2018 Manual at 46.

[15] 2017 Guide at 11.

28.     However, the configuration of the buckles is such that the middle passenger's anchor buckle is to the left of the rear driver's-side passenger's buckle, rendering it impossible for the anchor buckle and rear driver's-side passenger's buckle to be utilized at the same time, without both of the seat belts overlapping, twisting, and/or catching.  As seen in the picture of Plaintiff's CR-V's backseat below, the rear driver's-side passenger's buckle is located closest to the middle seat passenger, while the middle seat passenger's anchor buckle is located closest to the rear driver's-side passenger:



29.     Therefore, the middle seat passenger is unable to secure the small latch plate in the anchor buckle without causing the seat belt to get caught on, overlap with or become twisted with the seat belt of the rear driver's-side passenger, which contradicts Honda's own safety warnings in its Manuals.



30.    Further, if there is a car seat in use, three passengers cannot safely sit in the rear. The CR-V's narrow anchorage points for seat belts limit the ability to properly and safely use them to install various types of child seats or child restraints without obstructing access to the left outboard buckle.  For example, when a car seat is installed using lower anchorages in the center rear occupant position (which was allowed per the 2017 Manual), there is no easy access to the Vehicle's adjacent seat belt buckles.

31.    A child seat in the center position either partially or completely blocks access to the left outboard buckle. This prevents the left rear seat belt from being worn in some cases or makes it difficult to buckle, as illustrated by the following:



32.     Due to the position of the left rear seat belt's buckle some of the rear bottom corners of child seats installed in the center rear could compress the left rear buckle's push button and cause the buckle to release the latch plate, as illustrated by the following:





33.    When the J1819 fixture is buckled in the center seat, there is no room to access the seat belts, as illustrated by the following:



34.     With child seats installed in the outboard positions, there is only seven inches of clearance between the two child seats for the center rear occupant.  This is clearly insufficient and unsafe, as illustrated by the following:







35.    As a result, Plaintiff and Class members cannot safely transport three passengers in the backseat of the CR-Vs.

36.     This situation prevents CR-V passengers from complying with the safety warnings about the use of carseats and seat belts in the Manuals and presents a safety hazard to passengers in the backseat of the CR-Vs.

37.     Accordingly, Defendant's advertised statements that the CR-V has a seating capacity of five with 3-point seat belts at all seating positions are false and deceptive.[16]

**Plaintiff's Experience With His CR-V**

38.     On or about December 19, 2017, Plaintiff purchased a model year 2018 CR-V from Brian Bemis Honda Mercedes Benz Volvo in Sycamore, Illinois, an authorized agent of Defendant (the "Dealership").  One of the reasons Plaintiff purchased the CR-V was the fact that he has five grandchildren and he wanted a vehicle with a seating capacity of five so that he and his wife could safely transport their family, including their grandchildren in their car seats.

39.     Prior to purchase, on November 30, 2017, Plaintiff reviewed an online brochure published by Defendant, titled MY_18_CR-V_Brochure_Online_Mech1, which, among other things, touted the Vehicle's safety and represented that the CR-V had "spacious seating for five" and "seats five comfortably."

40.     Soon after purchase, Plaintiff realized that the rear driver's-side seat belt buckle was "backward" and that the rear driver's-side passenger could not buckle his or her seat belt without overlapping the middle passenger's anchor buckle.

41.     Concerned for the safety of his backseat passengers, Plaintiff took his CR-V to the Dealership on May 10, 2018, for the Dealership's recommendation on how to address or repair the issue.

---

[16] *See* Model Information, *supra* note 1.

42.     The Dealership photographed the buckle configuration and sent that picture to Defendant along with an explanation that the CR-V "cannot have three rear passengers in the backseat at the same time per Honda rep."  The Dealership also noted that the seat belts overlap and twist, which poses a "safety concern per the owner's Manual."  A copy of the service invoice is attached hereto as Exhibit 1.

43.     Defendant did not repair the seatbelts or otherwise correct the defect in the CR-V in order to permit Plaintiff to safely seat three backseat passengers, including in child seats, simultaneously, and refuses to do so.

44.     Plaintiff would not have purchased the CR-V, or would not have paid the purchase price that he did, had he known that he would not be able to use the CR-V's full seating capacity and would not be able to safely transport three passengers, including with car seats, simultaneously in the backseat of his CR-V.

45.     Plaintiff continues to be presented with Honda's representations about its vehicles, including the CR-Vs.  Plaintiff desires to purchase and use a Honda vehicle that is suitable for safely transporting three passengers, including those in car seats, in the back seat, and would purchase a sports utility vehicle from Honda that really can transport three passengers, including those in car seats, safely in the back seat.  Plaintiff's desire is based on the number of his grandchildren and need to transport all of them safely.

46.     Given Defendant's misrepresentations and omissions, however, Plaintiff has no way to determine whether any of Honda's representations about the actual seating capacity of the CR-V, or any of its other vehicles, are, in fact, true.

**Class Members' Experiences With the CR-Vs**

47.     Plaintiff's experience mirrors those of numerous other CR-V purchasers.  The internet contains numerous complaints from owners who, like

Plaintiff, were unable to safely seat all three backseat passengers simultaneously, including when using a car seat, because the seat belts caught, overlapped and twisted.  The following is a sample of complaints appearing in several online forums:

> Just picked my wife's new 2017 CRV Touring on 1/14/2017 and have issues with the 2nd row seating. The 2nd row center seat belt detachable anchor point and 2nd row left seat belt buckle seem to be crossed in the lower seat. Is this a mfg. error or poor design makes it difficult for the left seat passenger to connect or disconnect their seat belt with the center passenger buckled in. Took the CRV back to the dealer today and they checked a number of 2017 CRV's on the lot and they are all the same, crossed over. Dealer told me they would contact Honda's support center and let me know in a few days. Seems like a NTSB safety recall or Honda TSB is needed to correct the issue. Has anyone heard back from Honda on the issue? I missing the reason for the crossed over design?

> **Posted by Ken R. on January 16, 2017 on http://www.crvownersclub.com/forums/27-miscellaneous-general-cr-v-discussions/129081-2017-crv-2nd-row-center-seat-belt-detachable-anchor-issue.html (last visited July 10, 2018).**

> My brand new 2017 CRV touring appears to have the detachable anchor for the 2nd row center seat belt crossed with the 2nd row left seat belt buckle. This configuration causes the center belt and the left seat belt to cross one another and also makes it difficult for the left seat passenger to connect or disconnect their seat belt with the center passenger buckled in. This configuration does not allow the person sitting behind the driver to wear their seat belt when my child's infant seat is buckled into the center as the buckle cannot be accessed. This is a huge safety concern as I travel frequently with my infant daughter, son, and son's friend in the back seat. There have been multiple other complaints about this which can be googled. Something needs to be done here.

> **Posted by an anonymous CR-V owner in Verona, WI on January 26, 2017 on https://www.carcomplaints.com/Honda/CR-V/2017/seat_belts_air_bags/seat_belts.shtml (last visited July 10, 2018).**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The contact owns a 2017 Honda CR-V. [W]hile attempting to use the rear passenger side seat belt, it was discovered that in order to latch and secure the buckle, the belt had to under lap the rear seat center belt. The issue made it very difficult to lock and unlock the seat belt. The vehicle was taken to the dealer ([A]utonation Honda in [W]estminster, [CO]), but the cause of the failure was unable to be determined. The manufacturer was notified of the failure. The failure mileage was 6,000.

> **Posted by an anonymous CR-V owner in Frederick, CO on May 1, 2017 on https://www.carcomplaints.com/Honda/CR-V/2017/seat_belts_air_bags/seat_belts.shtml (last visited July 10, 2018).**

I have the same issue. The dealer told me it's correct. But my passengers can't buckle in.

> **Posted by teresalies on May 10, 2017 on http://www.crvownersclub.com/forums/27-miscellaneous-general-cr-v-discussions/129081-2017-crv-2nd-row-center-seat-belt-detachable-anchor-issue.html (last visited July 10, 2018).**

The rear left and middle seat belts overlap. The vehicle is advertised as a 5 seater vehicle but cannot safely be used for 5 passengers, or with a car seat in either of those seats with a passenger in the other one.

> **Posted by an anonymous CR-V owner in Los Angeles, CA on May 13, 2017 on https://www.carcomplaints.com/Honda/CR-V/2017/seat_belts_air_bags/seat_belts.shtml (last visited July 10, 2018).**

Where left rear passenger attaches seat belt & where center rear passenger attaches seatbelt from headliner, the fasteners in the seat are switched. If center passenger buckles up first or if carseat is in center position it is nearly impossible for left rear passenger to buckle up or unbuckle. This is due to the attachment points being switched when designed [and/]or manufactured. Honda dealer says the connections are in proper location & belt is operating as designed. This will most likely cause one of five passengers in this vehicle to not be able to buckle up or unbuckle in an emergency[.]

> **Posted by an anonymous CR-V owner in Baytown, TX on May 25, 2017 on https://www.carcomplaints.com/Honda/CR-V/2017/seat_belts_air_bags/seat_belts.shtml (last visited July 10, 2018).**

I just picked mine up last week and my 8 year old pointed out the seatbelt configuration. The dealer said that they were all like that but weren't sure why.

> **Posted by mattkc2016 on October 18, 2017 on http://www.crvownersclub.com/forums/27-miscellaneous-general-cr-v-discussions/129081-2017-crv-2nd-row-center-seat-belt-detachable-anchor-issue.html (last visited July 10, 2018).**

2018 is still configured this way. How in the heck is it possible to correct this issue? This is supposed to be a five passenger vehicle but the belt layout just about makes that impossible. Honda needs to come up with a solution to this problem.

> **Posted by Rudyjr on March 6, 2018 on http://www.crvownersclub.com/forums/27-miscellaneous-general-cr-v-discussions/129081-2017-crv-2nd-row-center-seat-belt-detachable-anchor-issue.html (last visited July 10, 2018).**

The rear center passenger's left seat belt buckle anchor is reversed making it nearly impossible to properly buckle 3 passengers in the back seat. This is a safety hazard as my center passengers, finding it a herculean feat when seated, often decline to buckle up. . . . [W]hen buckled [without] a passenger, the belts overlap. Because of this the center passenger's body prevents access to the buckle as it is hidden behind the strap of the left rear passenger.. . . .

> **Posted by an anonymous CR-V owner on June 13, 2018 on https://www.vehie.com/complaints/honda?model=cr-v (last visited July 10, 2018).**

Seat Belt problem of the 2018 Honda CR-V 8:

**Failure Date:** 03/18/2018, Posted by an anonymous CR-V owner
The rear seat belt anchor is reversed on the center buckle. The anchor is on the center passenger's left side and the latch on their right. The rear driver's side passenger's latch is on their right, but on the far right side of the anchor.

When a passenger or car seat is belted into the center seat, the seat belts obstruct each other, and when forced to latch, appear quite dangerous.

http://www.carproblemzoo.com/honda/cr-v/seat-belt-problems.php

Seat Belt problem of the 2017 Honda CR-V 20:

**Failure Date:** 10/06/2017, Posted by an anonymous CR-V owner
The left rear and center rear seat belt buckles, are opposite of what they should be. This arrangement makes it impossible for the left rear passenger, to buckle up if the center seat person is buckled in, or a car seat is in place. Contacted my Honda service department and they forwarded my complaint to the district representative, his response was he is aware of the issue but there is no fix for the problem. I did some research and found that the Acura rdx is the same platform as the Honda Cr-v. So I visited the nearest Acura dealership, the seat belt buckle arrangement was correct on that Acura rdx. Looks like the anchor point and the buckles are exactly the same as the ones that are in my Honda Cr-v. Would be willing to bet that the Acura seat belt assembly would solve the rear seat belt issue on these Honda's, the assembly is only $66.00!

http://www.carproblemzoo.com/honda/cr-v/seat-belt-problems.php

48.     Similarly, there are also complaints about this issue on the NHTSA website:

**NHTSA ID Number: 11033850**
**Incident Date October 6, 2017**
**Consumer Location HOBART, WI**
**Vehicle Identification Number 5J6RW2H87HL****

"The left rear and center rear seat belt buckles, are opposite of what they should be. This arrangement makes it impossible for the left rear passenger, to buckle up if the center seat person is buckled in, or a car seat is in place. Contacted my Honda service department and they forwarded my complaint to the district representative, his response was he is aware of the issue but there is no fix for the problem. I did some research and found that the Acura RDX is the same platform as the Honda CR-V. So i visited the nearest Acura dealership, the seat belt buckle arrangement was correct on that Acura RDX. Looks like the anchor point and the buckles are

exactly the same as the ones that are in my Honda CR-V. Would be willing to bet that the Acura seat belt assembly would solve the rear seat belt issue on these Honda's, the assembly is only $66.00! Why should i have to do that when it wasn't my mistake in designing it. .updated 11/09/17 *bf *JS Updated 7/27/18*JB"

**NHTSA ID Number:** 11024022
**Incident Date** May 1, 2017
**Consumer Location** FREDERICK, CO
**Vehicle Identification Number** 2HKRW2H82HH****

"TL* The contact owns a 2017 Honda CR-V. While attempting to use the rear passenger side seat belt, it was discovered that in order to latch and secure the buckle, the belt had to under lap the rear seat center belt. The issue made it very difficult to lock and unlock the seat belt. The vehicle was taken to the dealer (AutoNation Honda in Westminster, CO), but the cause of the failure was unable to be determined. The manufacturer was notified of the failure. The failure mileage was 6,000."

**NHTSA ID Number: 10994257**
**Incident Date May 13, 2017**
**Consumer Location LOS ANGELES, CA**
**Vehicle Identification Number 2HKRW1H8XHH****

"The rear left and middle seat belts overlap. The vehicle is advertised as a 5 seater vehicle but cannot safely be used for 5 passengers or with a car seat in either of those seats with a passenger in the other one."

**NHTSA ID Number:** 10981443
**Incident Date** April 27, 2017
**Consumer Location** RIVERSIDE, MO
**Vehicle Identification Number** 2HKRW2H55HH****

"Rear passenger seat behind driver and middle passenger seat belt fasteners are flipped. No one can sit behind the driver and use a seat belt."

**NHTSA ID Number:** 10968007
**Incident Date** January 26, 2017
**Consumer Location** VERONA, WI
**Vehicle Identification Number** 5J6RW2H96HL****

"My brand new 2017 CR-V touring appears to have the detachable anchor for the 2nd row center seat belt crossed with the 2nd row left seat belt buckle. This configuration causes the center belt and the left seat belt to cross one another and also makes it difficult for the left seat passenger to connect or disconnect their seat belt with the center

passenger buckled in. This configuration does not allow the person sitting behind the driver to wear their seat belt when my child's infant seat is buckled into the center as the buckle cannot be accessed. This is a huge safety concern as i travel frequently with my infant daughter, son, and son's friend in the back seat. There have been multiple other complaints about this which can be googled. Something needs to be done here."

**https://www.nhtsa.gov/vehicle/2017/HONDA/CR-V/SUV/FWD; https://www.nhtsa.gov/vehicle/2018/HONDA/CR-V/SUV/FWD#complaints**

49. Defendant had knowledge that its misrepresentations and omissions regarding the 2017 CR-V being a five-seater were misleading and yet continued to make the same misrepresentations and omissions regarding the 2018 CR-V to Plaintiff and the class members, although it is in reality a four seater vehicle.

50. Defendant's marketing and advertising practices are clearly meant to mislead consumers as to the seating capacity and passive safety features of the CR-V. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered and continue to suffer injury in fact, ascertainable loss, and lost money. Defendant, despite having knowledge that its representations and omissions are misleading to Plaintiff and the Class, continues to market and advertise the CR-Vs in a deceptive manner.

51. Plaintiff and the Class are at risk of suffering further injury if the relief sought is not granted.

**California Contacts**

52. Defendant is headquartered in Torrance, California, located at 1919 Torrance Boulevard, Torrance, CA 90501.

53. Defendant does substantial business in California, with a significant portion of the sales made in California.

54. California hosts a significant portion of Defendant's U.S. operations, including sales and service offices and financial service offices, among others.

55.     In addition, the conduct that forms the basis for each and every class member's claims against Defendant emanated from Defendant's headquarters in California and is consistent with directives of Defendant's personnel in California.

56.     Defendant's marketing and advertising personnel are located at its California headquarters, and the advertising and marketing schemes detailing the seating capacity and passive safety features of the CR-V were made and implemented from there.

57.     Defendant's California personnel implemented its deceptive advertising scheme and have refused to repair the seat belt misconfiguration in Plaintiff's CR-V.

58.     Defendant's personnel responsible for communicating with dealers regarding known problems with defective vehicles are also located at the California headquarters, and the decision not to inform authorized dealers of the backseat seat belt buckle misconfiguration was made and implemented from there.

59.     Defendant has significant contacts with the State of California, and the conduct at issue herein emanated from California.

60.     As a result of Defendant's conduct, Plaintiff and members of the class have suffered injury in fact and have otherwise suffered damages and been harmed and will continue to be harmed in the future unless Defendant is held accountable through this litigation.

61.     Plaintiff seeks injunctive relief, actual damages, disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the class, as defined herein.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff brings this lawsuit, both individually and as a class action, on behalf of similarly-situated purchasers and lessees of the CR-Vs, pursuant to

Federal Rule of Civil Procedure 23(b)(2) and (3).

63.     The class ("Class") that Plaintiff seeks to represent is defined as follows:

> All owners and lessees of Defendant's model year 2017 and/or 2018 CR-Vs in Illinois.

Excluded from the Class are Defendant, as well as Defendant's affiliates, employees, officers and directors, and the Judge to whom this case is assigned. Plaintiff reserves the right to amend the definition of the Class if discovery and/or further investigation reveal that the Class should be expanded or otherwise modified.

64.     **Numerosity/Impracticability of Joinder:** There are so many members of the Class that joinder of all members is impracticable. The reported sales of the CR-V in the United States were 377,895 Vehicles in 2017[17] and 117,951 vehicles for the first five months of 2018.[18]   Plaintiff estimates that there are thousands of members in the Class.  The members of the Class are readily identifiable from information and records in Defendant's possession, custody, or control.  The disposition of these claims will provide substantial benefits to the members of the Class.

65.     **Commonality and Predominance:** There is a well-defined community of interest and common questions of law and fact that predominate over any question affecting only individual members of the Class.  These common legal and factual questions, which do not vary from members of the Class, and which may be determined without reference to the individual

---

[17] *See* Honda, *American Honda Sets 3rd Straight Annual Sales Record with Best-Ever December for Trucks*, http://hondanews.com/releases/american-honda-sets-3rd-straight-annual-sales-record-with-best-ever-december?query=united+states+sales+CR-V+2017 (last visited Oct. 15, 2018).

[18] *See* Honda, *American Honda Sets New June Sales Records on Strength of Light Trucks*, http://hondanews.com/releases/american-honda-sets-new-june-sales-records-on-strength-of-light-trucks?query=honda+CR-V+sales+2018 (last visited Oct. 15, 2018).

circumstances of any members of the Class, include, but are not limited, to the following:

a)  whether Defendant's marketing, advertising and promotion of its CR-Vs was false and misleading;

b)  whether Defendant concealed facts from Plaintiff and members of the Class about the seating capacity and passive safety features of the CR-Vs;

c)  whether Defendant knew, or should have known, that its representations were false, or that the representations omitted material information;

d)  whether Defendant's conduct was a violation of the ICFDBPA;

e)  whether Defendant's conduct was a breach of express warranty under Illinois law;

f)  whether Defendant's conduct as alleged herein violates public policy; and

g)  whether Plaintiff and the members of the Class are entitled to damages, restitution, equitable relief and/or other damages and other relief, and, if so, the amount and nature of such relief.

66.     **Typicality and Adequacy:**  Plaintiff's claims are typical of the claims of the proposed Class, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Class.  Plaintiff does not have any interests antagonistic to those of the Class.  Plaintiff's counsel are experienced in the prosecution of this type of litigation.  The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class.

67.     **Superiority:**  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for members of the Class to prosecute their claims individually.  The litigation and trial of the Class-wide claims are manageable.

68.     Unless a class is certified, Defendant will improperly retain monies that it received from Plaintiff and members of the Class as a result of its

conduct.  Unless Defendant is required to change its unfair and deceptive practices, it will continue to commit the violations and the members of the Class, and the general public, will continue to be misled.

69.     Defendant has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

**COUNT I**
**Violation of Illinois Consumer Fraud and Deceptive**
**Business Practices Act, 815 ILCS 505/2**
**On Behalf of the Class**

70.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

71.     The ICFDBPA makes it unlawful to employ:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deceptive fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damage thereby.

815 ILCS 505/2.

72.     As detailed throughout this Complaint, Defendant misrepresented that the CR-Vs have a seating capacity of five with 3-point seat belts at all seating positions, when, in fact, they do not, because if there is one car seat, or if there are three adult backseat passengers, all three cannot simultaneously buckle their seat belts safely without overlapping or twisting at least one of the seat belts, in direct contradiction to Defendant's marketing and advertisements.

73.     Defendant violated Section 505/2 of the ICFDBPA by

misrepresenting the efficacy of the passive safety features in the CR-Vs. Defendant made the misrepresentations and omissions described throughout this Complaint with the intent that Plaintiff and the Class rely on them and purchase or lease the CR-Vs.

74.     Plaintiff and the Class were damaged by Defendant's violation and would not have purchased or leased the CR-Vs, or would not have paid the purchase price they did, had the facts been known.

**COUNT II**
**Breach of Express Warranty**
**On Behalf of the Class Under Illinois Law**

75.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

76.     As an express warrantor, manufacturer, and merchant, Defendant had certain obligations pursuant to its warranty to repair and replace defects. 818 ILCS 5/2-312 to 5/2-318.

77.     When Plaintiff and the members of the Class purchased and/or leased the CR-Vs, Defendant expressly warranted, under its Limited Warranty, that it would properly "repair or replace any part that is defective in material or workmanship under normal use" for "3 years or 36,000 miles, whichever comes first."[19]

78.     Defendant also expressly warranted the seat belts, under the Seat Belt Limited Warranty, promising to repair or replace components that fail to function properly during normal use, for 15 years or 150,000 miles and that warranty also states that "Honda believes that the best way to enhance your safety is to use your seat belt."

79.     However, Honda sells its CR-V knowing that if there is a car seat in the rear, there cannot be two others safely buckled in seat belts as warranted by

---

[19] *See* Warranty Booklets, *supra* note 12.

Honda so that the Plaintiff and Class members are deprived of one of the warranted safety features of the CR-V.

80.   The unsafe backwards configuration of the backseat seat belts at issue in this litigation was present at the time of sale and/or lease to Plaintiff and members of the Class.

81.   Defendant breached its warranties (and continues to breach its warranties) because it wrongfully, uniformly, and repeatedly refuses to repair the CR-V's backseat seat belt, forcing Plaintiff and the members of the Class to either only seat a maximum of two backseat passengers in their CR-Vs simultaneously, or risk (in violation of Honda's own warnings) the safety of their passengers by having two of their backseat passengers use twisted, caught or overlapping seat belts.

82.   Plaintiff and the Class members used their CR-Vs in a manner consistent with their intended use and performed each and every duty required under the terms of the warranty including presentment, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Defendant's unconscionable conduct described throughout this Complaint.

83.   Defendant received timely notice regarding the problems at issue in this litigation and, notwithstanding such notice, has failed and refused to offer an effective remedy.

84.   In addition, upon information and belief, Defendant received numerous complaints, notice of the need for repair and resulting safety issue, and requests for warranty repairs and coverage from other members of the Class.

85.   In its capacity as a supplier and/or warrantor, and by the conduct described herein, any attempt by Defendant to disclaim or otherwise limit its express warranties in a manner that would exclude or limit coverage for the seat belt defect that was present as of the time of sale, which Defendant knew about prior to offering the CR-Vs for sale, and which Defendant did not disclose and

did not remedy prior to sale (or afterward), is unconscionable, and Defendant should be estopped from pursuing such defenses.

86.     Further, any such effort by Defendant to disclaim or otherwise limit liability for the defect is null and void because Defendant and its authorized agents, the dealers, have wrongfully, uniformly, and repeatedly refused and failed to properly repair or replace the seat belt buckles.

87.     As such, Defendant should be estopped from disclaiming liability for its actions.

88.     Accordingly, Plaintiff and Class members have suffered damages caused by Defendant's breach of the warranty and are entitled to recover damages as set forth herein

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and members of the proposed Class, prays for judgment as follows:

a)     Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and his counsel as Class counsel;

b)     Compensatory and other damages for economic and non-economic damages;

c)     Awarding restitution and disgorgement of Defendant's revenues or profits to Plaintiff and the members of the proposed Class;

d)     An Order requiring Defendant to cease and desist from engaging in the alleged wrongful conduct and to engage in a corrective advertising campaign;

e)     Statutory pre-judgment and post-judgment interest on any amounts;

f)     Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

g)     Such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated:     February 19, 2019             Respectfully submitted,

By: /s/ Kolin Tang
Kolin Tang
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
11755 Wilshire Blvd, 15th Floor
Los Angeles, CA 90025
Telephone: (323) 510-4060
Facsimile: (866) 300-7367
Email:  ktang@sfmslaw.com

James C. Shah
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
35. E. State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email:  jshah@sfmslaw.com

Robert W. Murphy
MURPHY LAW FIRM
1212 SE 2nd Ave.
Ft. Lauderdale, FL 33316
Telephone (954) 763-8660
Facsimile: (854) 763-8607
Email:  rwmurphy@lawfirmmurphy.com

Ryan R. Frasher
THE FRASHER LAW FIRM, P.C.
3209 W. Smith Valley Road, Ste. 253
Greenwood, IN 46142
Telephone (317) 300-8844
Facsimile: (317) 218-4501
Email:  rfrasher@frasherlaw.com

*Attorneys for Plaintiff and the Proposed Class*

1

## <u>CERTIFICATE OF SERVICE</u>

2

I, Kolin C. Tang, hereby certify that on February 19, 2019 a true and

3

correct copy of the foregoing Amended Class Action Complaint and

4

accompanying exhibits were served upon all counsel of record in this matter via

5

ECF/CM.

6

7

*/s/Kolin C. Tang*

Kolin C. Tang

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28