Michael L. Mallow (SBN 188745)
mmallow@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Tel: (310) 595 9500
Fax: (310) 595 9501

Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel: (213) 896-6000
Fax: (213) 896-6600

*Attorneys for Defendant*
*American Honda Motor Co. Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BILL SCHEPLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 2:18-CV-6043-GW-AFM<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 9, 2019<br>Time: 8:30 a.m.<br>Place: United States Courthouse<br>      350 West 1st Street<br>      Los Angeles, CA, 90012<br>      Courtroom 9D, 9th Floor<br><br>Complaint filed: July 11, 2018<br>FAC filed: October 15, 2018<br>SAC filed: February 19, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 9, 2019 at 8:30 a.m., or as soon thereafter as this matter may be heard, before the Honorable George H. Wu, in Courtroom 9D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California, 90012, defendant American Honda Motor Co., Inc. ("AHM" or "Defendant") will and hereby does move pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiff's claim for breach of express warranty under Illinois law alleged in the putative Second Amended Class Action Complaint ("SAC") filed by Plaintiff Bill Schepler ("Plaintiff") on the grounds that Plaintiff failed to plausibly allege that AHM failed to repair or replace an allegedly defective component of Plaintiff's vehicle that was covered by AHM's warranties.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any Reply Memorandum submitted by Defendant, the pleadings and filings in this action, any additional matter of which the Court may take judicial notice, and such further evidence or argument as may be presented before or at the hearing on this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 26, 2018.

Dated: March 15, 2018

*Respectfully submitted,*

*/s/ Eric B. Schwartz*

Michael L. Mallow
Eric B. Schwartz
SIDLEY AUSTIN LLP
*Attorneys for Defendant American Honda Motor Co. Inc.*

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..........................................................................................1
II. STATEMENT OF FACTS .............................................................................3
    A. The Honda CR-V ................................................................................3
    B. The New Vehicle Limited Warranty And Seat Belt Limited Warranty ...............................................................................................5
    C. Plaintiff's Experience With His CR-V ................................................6
    D. Plaintiff's Class Allegations................................................................6
    E. Plaintiff's Claim For Breach Of Express Warranty ............................6
III. LEGAL STANDARD ....................................................................................7
IV. ARGUMENT..................................................................................................7
    A. Plaintiff's Express Warranty Claims Should Be Dismissed Because Design Defects Are Not Covered.........................................................7
        1. Under Illinois Law, Repair Warranties Like Those At Issue In This Case Do Not Cover Design Defects......................7
        2. The Court Should Look To The Gravamen Of The Complaint To Determine Whether Plaintiff Alleged A Design Defect..........................................................................8
        3. Courts Regularly Dismiss Warranty Claims Where The Gravamen Of The Complaint Reveals That It Is Based On An Alleged Design Defect .........................................9
        4. Plaintiff's Complaint Clearly Alleges A Design Defect That Will Not Support His Express Warranty Claim Under Illinois Law .........................................................11
    B. Plaintiff's Unconscionability Allegations Do Not Save His Express Warranty Claim..................................................................................12
V. CONCLUSION ............................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aberin v. Am. Honda Motor Co., Inc.*,
  No. 16-CV-04384-JST, 2018 WL 1473085 (N.D. Cal. Mar. 26, 2018) ...................................... 12

*Acedo v. DMAX, Ltd.*,
  No. CV1502443 MMM (ASx), 2015 WL 12696176 (C.D. Cal. Nov. 13, 2015) .............. 2, 10, 11

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678, 679 (2009) .................................................................................................. 7

*Barakezyan v. BMW of N. Am.*,
  LLC, No. CV-16-00173-SJO(GJSx), 2016 WL 2840803 (C.D. Cal. Apr. 7, 2016) .................... 4

*Bros v. Hewlett-Packard Co.*,
  No. C-06-02254 RMW, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007) ........................................ 9

*Brownmark Films, LLC v. Comedy Partners*,
  682 F.3d 687 (7th Cir. 2012) ..................................................................................................... 4

*Catalano v. BMW of N. Am., LLC*,
  167 F. Supp. 3d 540 (S.D.N.Y. 2016) ................................................................................ 2, 11

*Cosman v. Ford Motor Co.*,
  674 N.E.2d 61 (Ill. App. Ct. 1996) ............................................................................................ 8

*Darne v. Ford Motor Co.*,
  No. 13 CV 03594, 2017 WL 3836586 (N.D. Ill. Sept. 1, 2017) ............................................ 7, 8

*Davidson v. Apple, Inc.*,
  No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14, 2017) ............................ 2, 9, 10

*Davidson v. Apple, Inc.*,
  No. 16-CV-4942-LHK, 2017 WL 3149305 (N.D. Cal. July 25, 2017) .................................... 12

*Dent v. Cox Commc'ns Las Vegas, Inc.*
  502 F.3d 1141, 1143 (9th Cir. 2007) ........................................................................................ 5

*Garcia v. Chrysler Group*,
  127 F. Supp. 3d 212 (S.D.N.Y. 2015) ................................................................................ 2, 11

*Hardt v. Chrysler Grp. LLC*,
  No. SACV14-01375-SJO-VBKx), 2015 WL 12683965 (C.D. Cal. June 15, 2015) ............... 1, 9

*Hasek v. DaimlerChrysler Corp.*,
  745 N.E.2d 627, 636-37 (2001) ................................................................................................ 8

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ................................................................................................ 4

*Mydlach v. DaimlerChrysler Corp.*,
   875 N.E.2d 1059 (Ill. 2007) .................................................................................................. 8

*Sater v. Chrysler Grp. LLC*,
   No. EDCV 14-00700-VAP-(DTBx), 2015 WL 736273 (C.D. Cal. Feb. 20, 2015) ................ 2, 10

*Snyder v. Komfort Corp.*,
   No. 07 C 1335, 2008 WL 2952300 (N.D. Ill. July 30, 2008) ............................................... 8

*In re Toyota Motor Corp Hybrid Brake, Marketing, Sales, Practices & Prods. Liability Litig.*,
   890 F. Supp. 2d 1210 (C.D. Cal. 2011) ............................................................................... 4

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*,
   754 F. Supp. 2d 1145 (C.D. Cal. 2010) .............................................................................. 12

*Troup v. Toyota Motor Corp.*,
   545 F. App'x 668-669 (9th Cir. 2014) ............................................................................... 2, 9

*Voelker v. Porsche Cars N. Am., Inc.*,
   353 F.3d 520 (7th Cir. 2003) ................................................................................................ 8

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ......................................................................................... 4

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 4, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Bill Schepler ("Plaintiff") alleges that defendant American Honda Motor Co., Inc. ("AHM") is liable for breach of express warranty because it failed to repair or replace rear seat belt buckles that he alleges are defective due to their "backwards configuration." Plaintiff's claim is based on two provisions: (1) AHM's New Vehicle Limited Warranty ("NVLW"), which promises to "repair or replace any part that is defective in material or workmanship under normal use," for a certain period of time; and (2) AHM's Seat Belt Limited Warranty ("SBLW"), which promises to "repair or replace any Honda seat belt component that fails to function properly during normal use." These claims fail.

Under Illinois law, warranties to "repair or replace" a component due to materials and workmanship or failure to function properly are only breached if the component actually stops working during the warranty period due to a manufacturing defect and the defendant fails to repair or replace it. Manufacturers are not required to remove, re-design, and replace components under an express written warranty that are working as designed, even if that design is defective. Plaintiff therefore fails to state a claim because it is clear from the gravamen of his complaint that he alleges a design defect that is not covered by the subject warranties.

To be sure, Plaintiff assiduously avoids the word "design" in his Second Amended Class Action Complaint ("SAC") and, as this Court noted in its January 29 Order, some courts have held that plaintiffs, in certain circumstances, are "not required to plead the mechanical details of an alleged defect in order to state a claim." *Hardt v. Chrysler Grp. LLC*, No. SACV14-01375-SJO-VBKx), 2015 WL 12683965, at *8 (C.D. Cal. June 15, 2015) (internal quotation marks and citation omitted). That reasoning does not save Plaintiff's claims. But those circumstances are not presented here. According to the Ninth Circuit, in order to determine whether a plaintiff has alleged a design or manufacturing defect, a court may look to the gravamen of the

complaint in determining whether the plaintiff alleged a design defect; plaintiffs' chosen language is not dispositive. *Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 668–69 (9th Cir. 2014) ("Despite [the complaints'] scattered references to 'materials,' the gravamen of the complaint is that the Prius's defect resulted from . . . a design decision.").

It is clear from the gravamen of Plaintiff's SAC, that this is necessarily a design defect case. Plaintiff alleges that the "backwards configuration" of the buckles was the result of a substantial "redesign[]" of the 2017 CR-V, and further alleges that the 2018 CR-V was "essentially unchanged" from the previous model, acknowledging that this buckle configuration was a design choice, not a manufacturing error. SAC ¶ 13. Plaintiff's SAC also includes an image from the 2017 CR-V Owner's Guide which depicts the buckle at issue in its alleged "backwards configuration," evidencing that it was intentionally designed that way. SAC ¶ 27. Plaintiff also seeks to represent a class of *all* Illinois owners and lessees of 2017 and 2018 CR-Vs, which necessarily means Plaintiff is alleging that the "backwards configuration" exists in all vehicles and is not the product of a manufacturing anomaly. SAC ¶ 63. Plaintiff explicitly attacked the "design" of the seat belt at issue in his original Complaint, before removing that word in an attempt to amend around this very argument. *See generally* Compl. Courts regularly dismiss warranty claims based on similar considerations. S*ee, e.g., Davidson v. Apple, Inc.*, No. 16-CV-04942-LHK, 2017 WL 976048, at *11–12 (N.D. Cal. Mar. 14, 2017) (dismissing warranty claim despite the existence of superficial manufacturing defect allegations because the gravamen of the complaint was a design defect claim); *Sater v. Chrysler Grp. LLC*, No. EDCV 14-00700-VAP (DTBx), 2015 WL 736273, at *4–5 (C.D. Cal. Feb. 20, 2015) (same); *Acedo v. DMAX, Ltd.*, No. CV1502443 MMM (ASx), 2015 WL 12696176, at *23 (C.D. Cal. Nov. 13, 2015) (same); *Garcia v. Chrysler Group*, 127 F. Supp. 3d 212, 225–27 (S.D.N.Y. 2015) (same) *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 555 (S.D.N.Y. 2016) (dismissing warranty claim where the warranty only covers

materials and workmanship, even though plaintiff's complaint contained superficial materials and workmanship allegations, because the "allegations smack of a deliberate design choice").

Plaintiff's express warranty claim should be dismissed with prejudice.

## II. STATEMENT OF FACTS

### A. The Honda CR-V

AHM distributes Honda vehicles sold or leased in the United States. *See* SAC ¶ 8. One such vehicle is the Honda CR-V. SAC ¶ 10. The published specifications for the 2017 and 2018 CR-Vs ("Class Vehicles") state that it has seating capacity of five with "3-point seat belts at all seating positions." SAC ¶¶ 11, 14, 16.

Plaintiff alleges that "[t]he model year 2017 CR-V was substantially ***redesigned and re-engineered*** from the previous model, but the model year 2018 CR-V was essentially unchanged from the 2017 model." SAC ¶ 13 (emphasis added). "The backseat seat belt buckle configuration was among the features that remained the same between the 2017 and 2018 models." SAC ¶ 13.

As explained in Plaintiff's SAC, the "CR-V backseat seat belts are deployed[1] such that the rear driver's-side seat belt and rear passenger's-side seat belt are retractable to the side of the vehicle" nearest the door. SAC ¶ 27. "The seat belt for the rear middle seat, however, is a seat belt with a detachable anchor, which retracts into the ceiling of the vehicle." *Id.* "There is an 'anchor buckle' to the middle passenger's left wherein a small latch plate may be buckled. The passenger may then proceed to fasten the seat belt . . . [by] inserting the large latch plate into the buckle to the passenger's right." *Id.* The following images and instructions from the 2018 Guide illustrate:

---

[1] Notably, in his First Amended Complaint Plaintiff uses the word "designed" instead of "deployed." FAC ¶ 25.

- **Seat Belt with Detachable Anchor**
  The seat belt for the rear center seat is located in the ceiling.

  1. Pull out the seat belt's small latch plate and the latch plate from each holding slot in the ceiling.



  2. Line up the triangle marks on the small latch plate and anchor buckle. Make sure the seat belt is not twisted. Attach the belt to the anchor buckle.



  3. Insert the latch plate into the buckle. Properly fasten the seat belt the same way you fasten the lap/shoulder seat belt.

     To unlatch the detachable anchor, insert the latch plate into the slot on the side of the anchor buckle.





Request for Judicial Notice filed on Nov. 9, 2018 [Dkt. 34] ("RJN"), Exs. 4-5; Jan. 29, 2019 Order [Dkt. 42] ("Jan. 29 Order") at 3 n.3 (granting judicial notice as to Exhibits 4-5)[2]; *see also* SAC ¶ 27 (similar image from 2017 CR-V Owner's Guide).

---

[2] In deciding a motion to dismiss, a court may consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *In re Toyota Motor Corp Hybrid Brake, Marketing, Sales, Practices & Prods. Liability Litig.*, 890 F. Supp. 2d 1210, 1215 n.1 (C.D. Cal. 2011). This Court may therefore properly consider the Owner's Guides as being part of Plaintiff's pleadings on a Rule 9(b) and 12(b)(6) motion to dismiss. *See* Compl. ¶ 25 and fn. 15; *Barakezyan v. BMW of N. Am., LLC*, No. CV-16-00173-SJO(GJSx), 2016 WL 2840803, at *6 (C.D. Cal. Apr. 7,

"[T]he configuration of the buckles is such that the middle passenger's anchor buckle is to the left of the rear driver's-side passenger's buckle." SAC ¶ 28. "As seen in the picture of Plaintiff's [2018] CR-V's backseat below, the rear driver's-side passenger's buckle is located closest to the middle seat passenger, while the middle seat passenger's anchor buckle is located closest to the rear driver's-side passenger:"



SAC ¶ 28.

**B.     The New Vehicle Limited Warranty And Seat Belt Limited Warranty**

"The CR-Vs are covered by a three-year, 36,000-mile" NVLW, "under which Defendant will *repair or replace* any part that is defective in *material or workmanship* under normal use." SAC ¶ 24 (emphasis added); RJN Exs. 6-7; Jan. 29 Order at 3 n.3 (granting judicial notice as to Exhs. 6-7). "The CR-Vs are also covered by a SBLW that continues for 15 years or 150,000 miles," under which AHM will "*repair or replac*e any Honda seat belt component that *fails to function properly* during normal use." SAC ¶ 25-26; RJN Exs. 6-7; Jan. 29 Order at 3 n.3.

---

2016) (granting defendants' request for judicial notice of warranty information booklet and owner's manual because they are "available on the Internet, the authenticity of the documents are capable of accurate and ready determination, and because they are integral to Plaintiff's claim") (citing *Knievel*, 393 F.3d at 1076; *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007)).

## C. Plaintiff's Experience With His CR-V

Plaintiff alleges that "[o]n or about December 19, 2017, Plaintiff purchased a model year 2018 CR-V from Brian Bemis Honda Mercedes Benz Volvo in Sycamore, Illinois." SAC ¶ 38. "Soon after purchase, Plaintiff realized that the rear driver's-side seat belt buckle was 'backward' and that the rear driver's-side passenger could not buckle his or her seat belt without overlapping the middle passenger's anchor buckle." SAC ¶ 40. "Concerned for the safety of his backseat passengers, Plaintiff took his CR-V to the Dealership on May 20, 2018, for the Dealership's recommendation on how to address or repair the issue." SAC ¶ 39. "The Dealership photographed the buckle configuration and sent that picture to Defendant along with an explanation" of the purported issue with the CR-V. SAC ¶ 42. The dealership then purportedly advised the Plaintiff that he could not safely seat three people in the rear seat of his vehicle. SAC ¶ 42. "Defendant did not repair or otherwise correct the [alleged] defect in the CR-V in order to permit Plaintiff to safely seat three backseat passengers, including in child seats, simultaneously, and refuses to do so." SAC ¶ 42.

## D. Plaintiff's Class Allegations

Plaintiff seeks to represent the following class: "*All* owners and lessees of Defendant's model year 2017 and/or 2018 CR-Vs in Illinois," except AHM and its affiliates and the Judge in this action. SAC ¶ 63 (emphasis).

## E. Plaintiff's Claim For Breach Of Express Warranty

Plaintiff brings a cause of action for Express Warranty under Illinois law. SAC ¶ 76. Plaintiff alleges that "[t]he unsafe backwards configuration of the backseat seat belts at issue in this litigation was present at the time of sale and/or lease to Plaintiff and members of the Class" (SAC ¶ 80), and AHM breached its NVLW and SBLW "because it wrongfully, uniformly, and repeatedly *refuses to repair* the CR-V's backseat seat belt . . . ." SAC ¶ 81.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," as the Court is not bound to accept the truth of legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 555). This "standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

## IV. ARGUMENT

### A. Plaintiff's Express Warranty Claims Should Be Dismissed Because Design Defects Are Not Covered

Plaintiff's express warranty claim should be dismissed with prejudice. The gravamen of his complaint reveals he is alleging that the rear seat belt buckles in the Honda 2017 and 2018 CR-V vehicles are defectively designed, which is not covered by AHM's warranties promising to repair or replace products suffering from defect in "materials or workmanship" or a seat belt component that "fails to function properly during normal use."

#### 1. Under Illinois Law, Repair Warranties Like Those At Issue In This Case Do Not Cover Design Defects

"Notably, the warranty at issue here is not an 'express warranty' under Illinois law, despite plaintiffs' attempts to color it as such. Rather, [AHM]'s warranty is a limited repair warranty." *Darne v. Ford Motor Co.*, No. 13 CV 03594, 2017 WL 3836586, at *5 (N.D. Ill. Sept. 1, 2017) (citing *Mydlach v. DaimlerChrysler Corp.*,

875 N.E.2d 1047 (Ill. 2007)); *see also Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 526 (7th Cir. 2003) ("the promise to repair is not an express warranty under the Illinois UCC"). The Illinois Appellate Court has explained that a repair warranty "warrants only that the dealer will repair, replace, or adjust defects if parts of the [product] in fact do malfunction." *Cosman v. Ford Motor Co.*, 674 N.E.2d 61, 66 (Ill. App. Ct. 1996); *see also Snyder v. Komfort Corp.*, No. 07 C 1335, 2008 WL 2952300, at *4 (N.D. Ill. July 30, 2008) (performance under a limited warranty "is triggered if a covered defect arises requiring repair"). "Performance under a vehicle manufacturer's promise to repair or replace defective parts is due not at tender of delivery, but only when, and if, ***a covered defect arises and repairs are required***." *Mydlach v. Daimler Chrisler Corp.*, 875 N.E.2d at 1059 (emphasis added).

Under Illinois law, warranties to repair and replace components that stop working during the warranty period due to defects in materials or workmanship or a component that fails to function, like those at issue in this case, do not cover design defects. *See Darne*, 2017 WL 3836586, at *6 (dismissing limited repair warranty claim with prejudice because it was based on an alleged design defect, and explaining that the "claim that Ford failed to repair the unrepairable is a non-sequitur; what RoadSafe is really asserting is that Ford did not effectively remove, *redesign*, and replace" the part at issue); *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d at 518, 527 (concluding under Illinois law that plaintiff "failed to state a claim for breach of express warranty" because he failed to show "that a warranty against defective design was part of his contract with any defendant"); *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 636–37 (2001) (judgment against plaintiff was proper because warranty at issue did not cover design defects).

### 2. The Court Should Look To The Gravamen Of The Complaint To Determine Whether Plaintiff Alleged A Design Defect

In order to determine whether a plaintiff alleged a design or manufacturing defect, a court should look to the gravamen of the complaint; plaintiffs' chosen

8
DEFENDANT'S MOTION TO DISMISS COMPLAINT

language is not dispositive. *Troup*, 545 F. App'x at 668–69 ("Despite [the complaints'] scattered references to 'materials,' the gravamen of the complaint is that the Prius's defect resulted from . . . a design decision."); *see also Davidson*, 2017 WL 976048, at *11–12 ("the Court turns to Plaintiffs' allegations in the [complaint] to determine whether Plaintiffs allege a defect in 'design' or a defect in 'materials and workmanship'"). "A manufacturing defect exists when an item is produced in a substandard condition, and such a defect is often demonstrated by showing the product performed differently from other ostensibly identical units of the same product line." *Davidson*, 2017 WL 976048 at *11-12 (quoting *McCabe v. Am. Honda Motor Co.*, 100 Cal.App.4th 1111, 1120 (2002)). "A design defect, in contrast, exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective." *Id.*; *see also Bros v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2007 WL 485979, at *4 (N.D. Cal. Feb. 12, 2007) ("Unlike defects in materials or workmanship, a design defect is manufactured *in accordance with* the product's intended specifications.").

### 3. Courts Regularly Dismiss Warranty Claims Where The Gravamen Of The Complaint Reveals That It Is Based On An Alleged Design Defect

As this Court noted in its Jan. 29 Order at 12, some courts have held that a plaintiff in some situations is "not required to plead the mechanical details of an alleged defect in order to state a claim." *Hardt v. Chrysler Grp. LLC*, No. SACV14-01375-SJO-(VBKx), 2015 WL 12683965, at *8 (C.D. Cal. June 15, 2015) (internal quotation marks and citation omitted). Where, as here, however, the plaintiff knows the mechanical details of the alleged defect (*i.e.*, the configuration of the seat belt buckles) and the allegations of the complaint reveal that it is based on an intentional design, rather than a manufacturing issue, then a repair warranty claim is properly dismissed.

*Davidson v. Apple, Inc.* is illustrative. In that case, the court dismissed plaintiff's express warranty claim despite superficial allegations of a materials and

9
DEFENDANT'S MOTION TO DISMISS COMPLAINT

workmanship defect, because plaintiff's complaint "at bottom, alleges a defect in Defendant's design of the iPhone 6 and 6 Plus." *Davidson*, 2017 WL 976048, at *11–12. "Indeed, the [complaint] contrasts the iPhone 6 and 6 Plus's design with the design of prior iPhone models . . . ." *Id.* Moreover, in that case, "Plaintiffs seek to represent a class of *all* purchasers of the iPhone 6 and 6 Plus." *Id.* Those class allegations "further suggests that Plaintiffs are alleging an inherent defect in the iPhone's design, which is not covered by the Limited Warranty provision covering defects in 'materials and workmanship.'" *Id.* "Accordingly," the Court concluded, "because the factual allegations in Plaintiffs' [complaint] evince only a design defect, rather than a defect in 'materials and workmanship,' Plaintiffs have not stated a claim for breach of express warranty." *Id.*

Similarly, in *Sater*, 2015 WL 736273, at *4–5, the Court dismissed plaintiff's warranty claim, which was based on an alleged manufacturing defect, because the complaint "belies these offhand references to manufacturing defects." The Court explained that the complaint "alleges Chrysler has completely redesigned newer models to fix the steering linkage defects," "and defines the class as *all* purchasers or lessees of the Trucks—indicating the trucks were built in the manner Chrysler intended (but the intended manner was faulty), which in turn means this case is about a design defect not a manufacturing one." *Id.* Given the "consistent and specific allegations of a uniform design defect" in the complaint, "Plaintiffs' argument that this lawsuit is actually about the Trucks' 'factory preparation' lacks facial plausibility." *Id.* The Court concluded that because the express warranty at issue did not cover design defects, the express warranty claims should be dismissed. *Id.*

In *Acedo*, 2015 WL 12696176, at *23, the Court also dismissed an express warranty claim despite the plaintiff's superficial allegations of a manufacturing defect. The Court explained that although the plaintiff "alleges, in conclusory fashion, that the 'DPF systems . . . were defective in material and workmanship,' he does not identify what defective materials were used or how the workmanship was defective." *Id.*

"The primary focus of the remaining allegations in the complaint, moreover, is on *design* of the DPF system, not materials or workmanship." *Id.* (emphasis added). "For this reason," the Court ruled, the plaintiff's "claim based on the materials and workmanship warranty is not adequately pled" and "[t]his aspect of the claim must therefore be dismissed." *Id.*

In *Garcia*, the court dismissed plaintiffs' manufacturing defect claims because, "[t]he only allegations relating to manufacturing defects are the repetitive statements that the TIPM in each plaintiff's vehicle was defective because of design defects, manufacturing defects, or both." 127 F. Supp. 3d at 225–27 (internal quotations and citations omitted). "Further, the Amended Complaint alleges that all Class Vehicles 'share a *common* defect in that the TIPM is prone to sudden and unexpected failure during normal operation[.]'" *Id.* In addition, "the national class and state subclasses consist of '*[a]ll persons* who purchased or leased a Class Vehicle equipped with a TIPM–7.'" *Id.* The court, therefore, determined that the complaint "strongly suggests a defect in the design of the TIPM–7, rather than a mistake in the manufacturing process itself." *Id.; see also, Catalano*, 167 F. Supp. 3d at 555 (dismissing warranty claim where the warranty only covers materials and workmanship, even though plaintiff pleads materials and workmanship, because "allegations smack of a deliberate design choice").

### 4. Plaintiff's Complaint Clearly Alleges A Design Defect That Will Not Support His Express Warranty Claim Under Illinois Law

Here, as in the cases cited above, Plaintiff's claim should be dismissed because the gravamen of his allegations make clear that he is bringing a design defect claim, which is not covered by the limited repair warranties that he alleges AHM violated. Plaintiff alleges that the alleged buckle defect was the result of a substantial "redesign[]" of the 2017 CR-V, and further alleges that the 2018 CR-V was "essentially unchanged" from the previous model, strongly suggesting that this is a design defect case. SAC ¶ 13. Plaintiff's SAC also includes an image from the 2017

Owner's Guide, which depicts the buckle at issue in its allegedly overlapping state, suggesting that it was intentionally designed and manufactured to specifications. SAC ¶ 27. Plaintiff seeks to represent a class of all Illinois owners and lessees of 2017 and 2018 CR-Vs, which also suggests that plaintiff is alleging this alleged defect exists in all vehicles and is not the product of a manufacturing anomaly. SAC ¶ 63. Plaintiff also explicitly attacked the "design" of the seat belt at issue in his original Complaint. *See generally* Compl. Plaintiff does not allege anywhere in his complaint that the alleged defect was a result of a manufacturing issue, "materials or workmanship," or that the buckles "failed to function." *See generally* SAC. Instead, he attempts to avoid the issue by generically alleging that a "defect" exists because he knows the truth: the alleged "defect" was the result of an intentional design choice, and he cannot in good faith allege otherwise. *See generally* SAC. This defect in Plaintiff's pleading has not been cured in three tries, cannot be cured, and should be dismissed with prejudice.

### B. Plaintiff's Unconscionability Allegations Do Not Save His Express Warranty Claim

In a tacit acknowledgment that AHM's warranties do not cover design defects, Plaintiff attempts to allege that they are unconscionable. *See* SAC ¶¶ 85-87. That argument is routinely rejected under both California and Illinois law. *See, e.g., Aberin v. Am. Honda Motor Co., Inc.,* No. 16-CV-04384-JST, 2018 WL 1473085, at *7 (N.D. Cal. Mar. 26, 2018) (ruling that AHM's express warranty covering "materials or workmanship" but not design defects is not unconscionable, and does not fail its essential purpose); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 754 F. Supp. 2d 1145, 1180 (C.D. Cal. 2010) (Toyota warranty that covers defects in "materials and workmanship" and not design defects is not unconscionable under California law); *Davidson v. Apple, Inc.*, No. 16-CV-4942-LHK, 2017 WL 3149305, at *15, 20 (N.D. Cal. July 25, 2017) (one year limited

warranty covering "materials and workmanship" but not design defects is not unconscionable under Illinois law).

## V. CONCLUSION

For the foregoing reasons, AHM respectfully requests that this Court issue an order dismissing Plaintiff's express warranty claim with prejudice.

Dated:  March 15, 2018

*Respectfully submitted,*

*/s/ Eric B. Schwartz*

Michael L. Mallow (SBN 188745)
mmallow@sidley.com
Eric B. Schwartz (SBN 266554)
eschwartz@sidley.com
SIDLEY AUSTIN LLP

*Attorneys for Defendant American Honda Motor Co. Inc.*