Michael L. Mallow (SBN 188745)
mmallow@shb.com
Rachel A. Straus (SBN 268836)
rstraus@shb.com
SHOOK, HARDY & BACON LLP
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
T: 816.474.6550
F: 816.421.5547

*Attorneys for Defendant*
*AMERICAN HONDA MOTOR CO., INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BILL SCHEPLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>Defendant. | Case No. 2:18-CV-6043-GW-AFM<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO. INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date: May 9, 2019<br>Time: 8:30 am<br>Place: United States Courthouse<br>350 West 1st Street<br>Los Angeles, CA 90012<br>Courtroom 9D, 9th Floor<br><br>Complaint filed: July 11, 2018<br>FAC filed: October 15, 2018<br>SAC filed: February 19, 2019 |

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................1

    I.    Plaintiff Fails to State a Claim Under Honda's New Vehicle Limited Warranty ...............................................................................1

    II.   Plaintiff Has Not Alleged A Violation of Honda's Seat Belt Warranty .............................................................................................6

    III.  The Warranty is Not Unconscionable....................................................6

    IV.  Plaintiff Should Not be Granted Leave to File a Third Amended Complaint ..............................................................................7

CONCLUSION ....................................................................................................7

i

DEFENDANT AMERICAN HONDA MOTOR CO. INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

# **TABLE OF AUTHORITIES**

**Cases**                                                                                     **Page(s)**

*Darne v. Ford Motor Co.*,
   2015 WL 9259455 (N.D. Ill. Dec. 18, 2015) ...................................................... 7

*Garcia v. Chrysler Grp.*,
   127 F. Supp. 3d 212 (S.D.N.Y. 2015) ............................................................... 4

*Gordon v. City of Oakland*,
   627 F.3d 1092 (9th Cir. 2010) ........................................................................... 7

*Haag v. Hyundai Motor Am.*,
   969 F. Supp. 2d 313 (W.D. N.Y. 2013) ............................................................ 5

*Hardt v. Chrysler Group LLC*,
   2015 WL 12683965 (C.D. Cal. June 15, 2015) ................................................ 4

*Ji Chang Son v. Tesla, Inc.*,
   2017 WL 5640545 (C.D. Cal. June 7, 2017) .................................................... 5

*Johnson v. Nissan N. Am., Inc.*,
   272 F. Supp. 3d 1168 (N.D. Cal. 2017) ............................................................ 5

*Marshall v. Hyundai Motor Am.*,
   551 F. Supp. 3d 451 (S.D.N.Y. 2014) ........................................................ 4, 5

*McCabe v. Daimler AG*,
   948 F. Supp. 2d 1347 (N.D. Ga. 2013) ............................................................. 7

*Sater v. Chrysler Grp. LLC*,
   2015 WL 736273 ............................................................................................. 4

*Troup v. Toyota Motor Corp.*,
   545 F. App'x 668 (9th Cir. 2013) ................................................................ 2, 4

## INTRODUCTION

Plaintiff Bill Schepler's opposition only confirms what Honda laid bare in its opening brief: Plaintiff's express warranty claim—that Honda failed to repair or replace rear seat belt buckles he alleges are defective due to their "backwards configuration"—fails. Plaintiff does not dispute Honda's New Vehicle Limited Warranty ("NVLW") covers only defects in materials or workmanship, not defects in design. Plaintiff argues he has stated a claim for breach of express warranty based on conclusory allegations that the alleged "backwards configuration" defect is a defect in "materials and workmanship." But without a single supporting factual allegation, and the inclusion of the owner's manual that establishes the "backward configuration" was intentional, his argument is illogical and should be rejected. Plaintiff fairs no better arguing "backward configuration" is covered by Honda's Seatbelt Warranty ("SBW") because Plaintiff has not alleged the seatbelts fail to function as intended.

Simply put, Plaintiffs' case, regardless of how he tries to dress it up, is based on an alleged design defect, and thus, his Breach of Express Warranty claim should be dismissed.

## ARGUMENT

### I. Plaintiff Fails to State a Claim Under Honda's New Vehicle Limited Warranty

Plaintiff admits Honda's NVLW covers only defects in materials and workmanship, not defects in design. Opp. at 6. That admission is fatal to Plaintiff's attempt to state a claim under Honda's NVLW. Plaintiff's effort to argue he has alleged a materials and workmanship or "manufacturing" defect is illogical and unavailing; it relies on purely conclusory allegations unsupported by a single specific fact.

Plaintiff has not rebutted, because he cannot dispute, he has pled a design defect, not an issue with materials or workmanship. As discussed in Honda's moving

brief, Plaintiff's Second Amended Complaint ("SAC") is replete with allegations of a design defect. *See* Mov. Br. at 11-12. Plaintiff's lip service to "materials[ ] and workmanship" in the SAC does not change the true nature of their allegations. *See Troup v. Toyota Motor Corp.*, 545 F. App'x 668, 669 (9th Cir. 2013) ("Despite its scattered references to 'materials,' the gravamen of the complaint is that the Prius's defect resulted from . . . a design decision."). Certainly Plaintiff makes no attempt to allege the materials used in the seatbelts were substandard or the factory committed some error in assembling the seatbelts. Indeed, Plaintiff does not allege the seatbelts in any of the class vehicles varied from their intended design in any respect. In fact, it is clear, the seatbelts did not vary from their intended design because the design is



exactly what is described in Honda's owners' manual. *See* SAC ¶ 27; Request for Judicial Notice filed on Nov. 9, 2018 [Dkt. 34] ("RJN"), Exs. 4-5; Jan. 29, 2019 Order [Dkt. 42] ("Jan. 29 Order") at 3 n.3 (granting judicial notice as to Exhibits 4-5).

Plaintiff acknowledges that dismissal of a breach of express warranty claim is appropriate "if the manufacturing defect allegations are mere 'offhand references' and

DEFENDANT AMERICAN HONDA MOTOR CO. INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1  the class includes all purchasers or lessees." Opp. at 8-9. Plaintiff's attempt to distance
2  himself from those cases fails.

3      Plaintiff does include "all purchasers or lessees" in his amended complaint
4  SAC ¶ 63. As discussed in Honda's Moving brief, this suggests the alleged defect
5  exists in all vehicles and is not the product of a manufacturing anomaly. Mov. Br. at
6  9-11 (citing cases). In his Opposition, Plaintiff takes issue with this argument, but
7  the cases Plaintiff cites are inapposite. In those cases (unlike here), the plaintiffs
8  alleged the design differed from what the manufacturer intended to sell. Plaintiff has
9  not, and cannot, make that allegation here.

10      Additionally, the allegations Plaintiff points to in order to support his
11  argument he pled a manufacturing defect suggest no such thing. For example,
12  Plaintiff points to the following allegation:

> Honda wrongfully, uniformly, and repeatedly refused to *repair* the backseat seat belt configuration; forcing Plaintiff and the members of the Class to either seat a maximum of two backseat passengers in their CR-Vs simultaneously or risk the safety of their passengers by having two of their backseat passengers use twisted and overlapping seat belts. …

18  Opp. at 6-7. Plaintiff may have sufficiently pled Honda refused to repair the
19  "backward configuration," but this certainly does not suggest a manufacturing defect,
20  rather than a design defect. Plaintiff also cites SAC ¶¶ 22-26, 40-50, 76-86 in support
21  of his argument that his allegations are "not boilerplate." Most of these allegations
22  have nothing to do with whether the defect Plaintiff alleges is a manufacturing or a
23  design defect. *See*, *e.g*., SAC ¶¶ 22, 23, 40-50. If anything, they suggest an alleged
24  design defect. *See*, *e,g*., *id*. at ¶ 40 ("[s]oon after purchase, Plaintiff realized that the
25  rear driver's-side seat belt buckle was 'backward.'"). To the extent these allegations
26  all relate to what type of defect Plaintiff alleges, they are precisely the kind of sparse
27  and conclusory allegations courts have routinely rejected as the basis for a

"manufacturing" or "materials and workmanship" defect claim. *See, e.g.*, *Troup*, 545 F. App'x at 669 (rejecting "scattered" references to "materials" where "gravamen" of complaint suggested design defect); *Garcia v. Chrysler Grp.*, 127 F. Supp. 3d 212, 225-27 (S.D.N.Y. 2015) (where plaintiffs' allegations generally indicated design defect, "offhand references to manufacturing defects" not enough to survive motion to dismiss claim for breach of materials and workmanship warranty); *Sater v. Chrysler Grp. LLC*, 2015 WL 736273, *4 (C.D. Cal. Feb. 20, 2015 (despite alleging defect arose from design and/or manufacturing issues, plaintiff did not allege manufacturing defect).[1] Try as he might, Plaintiff cannot escape that the SAC does not allege a single specific fact that supports his "backward configuration" is a manufacturing defect position.

Nor can Plaintiff avoid dismissal because he has not yet received discovery. Opp. at 8. As discussed in Honda's moving brief, courts routinely dismiss claims at the pleading stage where the complaint plainly alleges a design defect and alleges no facts consistent with a manufacturing defect. Mov. Br. 8-11. Plaintiff cites a handful of cases that denied defendant's motion to dismiss because discovery was needed to determine whether the defect was a manufacturing or design defect. These cases are inapposite. In those cases (unlike here) the plaintiffs alleged facts to support their allegations that the defect could have been a defect in materials or workmanship. For example in *Marshall v. Hyundai Motor Am.*, the court explained that plaintiff "specifically contend, for example, that there are 'material and/or workmanship' defects existing within the rotors, calipers, a[n]d brake assembly in the Class Vehicles,' and that 'the [c]aliper contains a material and/or workmanship defect that causes it to rust, and the brake assembly is 'inadequately manufactured.'" 551 F. Supp. 3d 451, 467 (S.D.N.Y. 2014).

---

[1] To the extent *Hardt v. Chrysler Group LLC*, 2015 WL 12683965 (C.D. Cal. June 15, 2015) (cited in Opp. at 7), suggests otherwise, this conflicts with the weight of the case law, including the Ninth Circuit's holding in *Troup*. Notably, *Hardt* cites no other cases to support its outcome.

1  Similarly, in *Haag v. Hyundai Motor Am.*, plaintiff alleged the braking system's rotors were too thin and the calipers contained a pin and/or guide which was not galvanized or made to be anti-corrosive, causing premature deterioration of the braking system. 969 F. Supp. 2d 313, 316 (W.D. N.Y. 2013). In *Johnson v. Nissan N. Am., Inc.*, the court concluded the plaintiffs had plausibly alleged the vehicles "differ from the product the manufacturer intended to sell" because the tempering *process* during manufacturing compromised the glass in the sunroof, causing some to explode. 272 F. Supp. 3d 1168, 1177 (N.D. Cal. 2017). Plaintiff places great reliance on *Ji Chang Son v. Tesla, Inc.*, but even in that case, Plaintiff alleged the accelerator control system and the braking system did not conform to Tesla's specifications. 2017 WL 5640545, at *3, fn. 3 (C.D. Cal. June 7, 2017).

In addition to citing facts to support the allegation of a manufacturing defect, the cases cited by Plaintiff differ from the allegations in his case in a critical manner. Unlike the defect Plaintiff alleges, which is right there in the backseat for all to see (*see* SAC ¶¶ 21, 28, 29, 31, 32 (pictures of the seatbelt configuration)), the alleged defects in the cases cited by Plaintiff were purportedly defects in internal systems of the vehicles (e.g., brakes, transmission, HVAC units). Since the alleged defects in the cases cited by Plaintiff are hidden from view, it is not surprising that discovery was necessary in those cases to determine the cause of the alleged defect.

Plaintiff's last effort to convince the Court that he has alleged a defect in materials or workmanship fairs no better. According to Plaintiff, the alleged "backward configuration" must be a manufacturing defect because to find otherwise would require Honda to adopt the argument it intended the design Plaintiff takes issue with. Opp. at 11. Although Honda disputes Plaintiff's allegations that the seatbelt configuration is defective or unsafe it any manner, there is no dispute Honda intended the design in Plaintiff and the putative class vehicles. *See* SAC ¶ 27 (image from 2017 CR-V Owner's Guide); RJN Exs. 4-5.

## II. Plaintiff Has Not Alleged A Violation of Honda's Seat Belt Warranty

Plaintiff fares no better alleging a violation of the seat belt warranty. Plaintiff claims the seat belt warranty "*has no limitation at all*." Opp. at 12 (emphasis in original). This is simply untrue. In order for the SBW to apply the "seat belts must *fail to function properly* during normal use." SAC ¶ 25-26; RJN Exs. 6-7; Jan. 29 Order at 3 n.3. Like Plaintiff's NVLW claims, the SAC contains no allegations the seat belts in his or the putative class vehicles fail to function as intended during normal use. To the contrary, the 2017 CR-V owner manual cited in the SAC instructs how to properly buckle the seat belt in the middle of the back seat which, as alleged in the SAC, Plaintiff was apparently able to do. SAC ¶¶ 21, 29.

## III. The Warranty is Not Unconscionable

Plaintiff's position that the NVLW and SBW are unconscionable has been repeatedly rejected. Mov. Br. at 12-13.

In his Opposition, Plaintiff claims Honda misunderstands his allegations. According to Plaintiff, "Honda is estopped from relying on any warranty limitations in defense of this action because any such limitation of the warranties are void because of Honda's knowledge of its misrepresentations." Opp. at 14. It is unclear how that position differs from plaintiffs' positions in the cases cited by Honda. In any event, Plaintiff cites no authority to support his argument. This is not surprising. If a defendant was estopped from relying on warranty limitations simply because plaintiff alleged defendant had knowledge of misrepresentations—a claim that is made in almost every defect class action—courts would regularly find that defendants' warranties were unconscionable. This is clearly not the case. *See* Mov. Br. at 12-13. In fact, cases applying Illinois law have held a defendant's alleged knowledge of a misrepresentation does not necessarily render a warranty limitation unconscionable. *See, e.g.*, *Darne v. Ford Motor Co.*, 2015 WL 9259455, at *5, 9 (N.D. Ill. Dec. 18, 2015) (rejecting unconscionability argument even though plaintiff alleged Ford knew

the engine had major defects); *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347, 1358 (N.D. Ga. 2013) (applying Illinois law and finding no support for the proposition that a warranties limitations may be rendered unconscionable simply because a manufacturer knowingly sold a defective product).

### IV. Plaintiff Should Not be Granted Leave to File a Third Amended Complaint

In a footnote, Plaintiff asks "in the event the Court finds Plaintiff's express warranty claim deficient, Plaintiff respectfully requests that the Court grant him leave to amend." Opp. at 13, fn. 6. "Although leave to amend a deficient complaint shall be freely given when justice so requires. Leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). As evidenced by Plaintiff's latest amendment, there is simply no plausible way for Plaintiff to allege the purported "backward configuration" defect is a defect in workmanship or materials.

### CONCLUSION

For the foregoing reasons and for the reasons stated in Honda's Moving Brief, Honda respectfully requests this Court dismiss Plaintiff's Express Warranty Claim with prejudice.

April 22, 2019	SHOOK, HARDY & BACON L.L.P.


By: *Michael L. Mallow*_____
Attorneys for American Honda Motor Co., Inc.

## **CERTIFICATE OF SERVICE**

I, Michael L. Mallow, hereby certify that on April 22, 2019, a true and correct copy of Honda's Reply in Support of its Motion to Dismiss Plaintiffs' Second Amended Complaint was served upon all counsel of record in this matter via ECF/CM.

/s/ Michael L. Mallow
Michael L. Mallow
