1

**SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP**

2

Kolin Tang (SBN 279834)

3

1401 Dove Street, Suite 540
Newport Beach, CA 92660

4

Telephone: (323) 510-4060

5

Facsimile: (866) 300-7367
Email: ktang@sfmslaw.com

6

7

[Additional Counsel Listed on Signature Page]

8

*Attorneys for Plaintiff and the Proposed Class*

9

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12

BILL SCHEPLER, Individually
and On Behalf of All Others
Similarly Situated,

13

14

                Plaintiff,

15

       vs.

16

AMERICAN HONDA MOTOR
CO., INC.,

17

18

            Defendant.

19

20

21

22

23

24

25

26

27

28

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 2:18-cv-6043-GW-AFM

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE THE THIRD AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THERETO**

Second Amended Complaint Filed:
February 19, 2019

Judge:      George W. Wu
Hearing:   August 12, 2019
Time:       8:30 a.m.
Courtroom: 9D

2:18-cv-6043-GW-AFM       Plaintiff's Motion for Leave to Amend

1   PLEASE TAKE NOTICE THAT on August 12, 2019, at 8:30 a.m., or as

2   soon thereafter as this matter may be heard in Courtroom 9D of the above-titled

3   Court, located at 350 West 1ˢᵗ Street, Los Angeles, California 90012, Plaintiff,

4   Bill Schepler ("Plaintiff" or "Schepler"), will and hereby does move this Court

5   for leave to file the proposed Third Amended Complaint ("TAC") pursuant to

6   Fed. R. Civ. P. 15(a)(2) and the Court's June 10, 2019 Order to Extend Class

7   Certification Deadlines [Dkt. No. 61].  The TAC is attached as Exhibit "A" to

8   this filing.

9   The TAC adds a California resident purchaser of the defective vehicle

10  ("Vehicle") central to Plaintiff's claims as a plaintiff, his experience with that

11  Vehicle, and the California counterparts of the Illinois consumer protection and

12  breach of express warranty claims that Plaintiff asserts and the Court found

13  sufficiently pled upon the motions to dismiss filed by Defendant, American

14  Honda Motor Co., Inc. ("Honda" or "Defendant") [Dkt Nos. 42, 56].[1]  There are

15  no new or additional allegations or claims with respect to Plaintiff individually

16  or on behalf of the proposed class of Illinois Vehicle owners and lessees.

17  This motion is based upon this Notice of Motion and Motion; the attached

18  Memorandum of Points and Authorities; the concurrently-filed Declaration of

19  Kolin C. Tang; any reply memorandum submitted by Plaintiff; the pleadings and

20  filings in this action; any additional matter of which the Court may take judicial

21  notice; and such further evidence or argument as may be presented before or at

22  the hearing on this Motion.

23  Plaintiff shared the proposed TAC with Defendant on July 9, 2019, and on

24  July 11, 2019, Defendant indicated that it was willing to stipulate to and not

25  oppose the filing of the TAC.

26  [1] The TAC does add an injunctive relief claim for the California resident
    purchaser under California's consumer protection laws, which the Court
27  previously dismissed without prejudice with respect to Plaintiff based on Illinois
    law.  As discussed in detail below, unlike Illinois, the Ninth Circuit expressly
28  held in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) that
    California law permits the injunctive relief requested.

## I.    BACKGROUND

Plaintiff filed the initial Complaint on July 11, 2018, which asserted claims on behalf of himself and a proposed nationwide class of owners and lessees of Defendant's 2017 and/or 2018 model-year CR-V Vehicles arising from the marketing and sale of those Vehicles, which Plaintiff alleges has defective seat belts. [Dkt. No. 1.] The claims were for: violation of California's (1) Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750, *et seq.*; (2) False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"); (3) the Unfair Competition Law, Cal. Bus. And Prof. Code § 17200, *et seq.* ("UCL"); and (4) breach of express warranty.  *Id.*  In the alternative, Plaintiff, an Illinois resident, also asserted claims on behalf of an Illinois class for: (1) violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1, *et seq.* ("ICFDBPA"); (2) violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, *et seq.* ("IUDTPA"); (3) breach of express warranty; and (4) unjust enrichment.  *Id.*

Defendant moved to dismiss on September 24, 2018 [Dkt. No. 27], whereupon Plaintiff amended the Complaint as a matter of course on October 15, 2018 [Dkt. No. 30], supplementing the factual allegations in support of the claims.  Defendant then moved to dismiss the First Amended Complaint on November 9, 2018 [Dkt. No. 33], pursuant to the parties' stipulation with the Court's approval [Dkt. No. 32].  After briefing was complete, the hearing on that motion to dismiss was held on January 28, 2019. [Dkt. No. 41.] The Court dismissed Plaintiff's California consumer protection claims (CLRA, FAL, and UCL) because the Court found that the choice-of-law analysis precluded Plaintiff, an Illinois resident who purchased his CR-V in Illinois, from bringing those claims, and also dismissed the Illinois unjust enrichment claim. [Dkt. No. 42, at 6-11, 15-16.] The Court, however, denied the motion to dismiss with respect to the ICFDBPA, permitted Plaintiff leave to amend his allegations with

1   respect to IUDTPA claim—which pertained only to injunctive relief—and

2   allowed Plaintiff to clarify that his breach of express warranty is brought under

3   Illinois law.  *Id.* at 15-16.

4         Plaintiff thus amended the complaint and filed the Second Amended

5   Complaint on February 19, 2019 [Dkt. No. 43], which removed the California

6   claims and the IUDTPA claim and the related request for injunctive relief, and

7   clarified that the breach of express warranty is asserted under Illinois law.

8   Pursuant to a briefing and hearing schedule stipulated by the parties and

9   approved by the Court [Dkt. No. 47], Defendant moved to dismiss the breach of

10  warranty claim on March 15, 2019 [Dkt. No. 48].  After hearings on May 9,

11  2019 [Dkt. No. 54] and May 20, 2019 [Dkt. No. 55], the Court denied

12  Defendant's motion to dismiss the Illinois breach of warranty claim.

13  Subsequently, the Court approved of the stipulated class certification briefing

14  schedule and the July 15, 2019 amended pleading deadline. [Dkt. No. 61.]

15        Pursuant to the July 15, 2019 amended pleadings deadline, Plaintiff

16  requests leave to file the proposed TAC, which adds a California resident who

17  purchased one of the Vehicles in California as a plaintiff representing a

18  proposed class of California owners and lessees, his particular experience with

19  the subject vehicle, and CLRA, FAL, UCL, and breach of express warranty

20  claims for him and the proposed California class.  TAC, ¶¶ 8, 46-54, 71, 96-135.

21  In addition to damages, the new claims request injunctive relief under

22  California's consumer protection laws.  *Id.* ¶¶ 111, 120.

23  **II.    LEGAL STANDARD**

24        Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff may amend

25  his pleadings "with the opposing party's written consent or the court's leave,"

26  and the "court should freely give leave when justice so requires.  The Ninth

27  Circuit has further elaborated that Rule 15's "policy of favoring amendments

28  should be applied with 'extreme liberality.'" *Zellmer v. Constantine*, 520 F.

1   App'x 564, 565 (9th Cir. 2013) (quoting *DCD Programs, Ltd. v. Leighton*, 833

2   F.2d 183, 186 (9th Cir. 1987) (quoting *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir.

3   1981)).

4          Courts consider four factors in determining the propriety of a motion to

5   amend: bad faith, undue delay, prejudice to the opposing party, or futility of the

6   amendments.  *In re Tracht Gut, LLC*, 836 F.3d 1146, 1152 (9th Cir. 2016)

7   (citing *Griggs v. Pave Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999)).  The Ninth

8   Circuit has held that prejudice to the opposing party is the strongest factor and

9   that, absent prejudice or "a strong showing" of the other factors, a

10  "*presumption*" exists in favor of granting leave to amend.  *Eminence Capital,*

11  *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original);

12  *see also Shaw v. Burke*, No. 17-cv-2386, 2018 WL 2459720, at *3 (C.D. Cal.

13  May 1, 2018) ("There is a presumption that leave to amend shall be granted").

14  **III.    ARGUMENT**

15         Plaintiff's request for leave to amend readily meets the standard.  The

16  proposed TAC is filed in good faith, is timely, will not cause undue prejudice to

17  Defendant, and is clearly not futile.

18         **A.    The Proposed TAC Is Filed In Good Faith**

19         Plaintiff brings this Motion for leave to amend in good faith, and not for

20  purposes of delay to or to avoid an adverse judgment.  There are no facts in the

21  record or otherwise suggesting that this Motion has been filed in bad faith.  *See*

22  *Griggs*, 170 F.3d at 881 ("there is no evidence in the record that his . . . amended

23  complaint would have been filed in bad faith").  Indeed, in preparation for this

24  Motion, Plaintiff presented the proposed TAC to Defendant to determine if

25  Defendant had any objections to Plaintiff filing the TAC.  Tang Decl., ¶ 3.

26  Defendant indicated it had none.  *See id.* ¶ 4.

27         **B.    Plaintiff's Motion Is Timely And Will Not Cause Undue Delay**

28         This Motion is timely filed and will not cause undue delay.  *See Leighton*,

833 F.2d at 187.  This Motion and the proposed TAC are filed within the deadline agreed upon between Plaintiff and Defendant and approved by the Court. [Dkt. No. 61.] Moreover, the case is in the early stages of discovery.  The parties exchanged initial disclosures on June 18, 2019 and Plaintiff propounded interrogatories and requests for documents that same day, with responses due July 18, 2019.  Tang Decl. ¶¶ 5-6.

### C.    The Proposed TAC Will Not Prejudice Defendant

As noted above, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. There is no prejudice here.  Again, this Motion and the proposed TAC are filed within the agreed-upon deadline between Plaintiff and Defendant, which the Court approved. [Dkt. No. 61.] And not only is this case in the early stages of discovery as discussed above, but Defendant has reviewed the proposed TAC and agreed to stipulate to its filing.  Tang Decl. ¶¶ 3-6.

### D.    The Proposed Amendments Are Not Futile

A proposed amended complaint is only futile if, taking the pleaded facts as true, its allegations fail to state claim as a matter of law.  *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 623 (9th Cir. 2004).  Otherwise, a plaintiff "'ought to be afforded an opportunity to test his claims on the merits.'" *Leighton*, 833 F.2d at 188 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the Court has already found the factual allegations sufficient to support the consumer protection and breach of warranty claims under Illinois law.  [Dkt. Nos. 42, 56.] The same is true under California law, which are "among the strongest in the country." *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 224, 242 (2001) (quoted in *Clay v. CytoSport, Inc.*, No. 3:15-CV-00165-L-AGS, 2018 WL 4283032, at *15 (S.D. Cal. Sept. 7, 2018)).

Based on the Court's prior choice-of-law analysis, the UCL, unlike Illinois law, does not require scienter. [Dkt. No. 42, at 9] (citing *Potter v.*

1   *Chevron Prod. Co.*, No. 17-CV-06689-PJH, 2018 WL 4053448, at \*11 (N.D.

2   Cal. Aug. 24, 2018)).  California consumer protection laws do, however, require

3   a plaintiff demonstrate actual reliance, which the California purchaser alleges in

4   the TAC.  *Id.*; TAC, ¶¶ 47, 100, 109.  Finally, the CLRA requires pre-suit notice

5   and an opportunity to cure, which is also alleged in the TAC.  [Dkt. No. 42, at

6   9]; TAC, ¶ 102.

7           Meanwhile, unlike their Illinois counterparts, the TAC requests injunctive

8   relief based on California's consumer protection laws.  TAC, ¶¶ 111, 120.  This

9   Court previously dismissed Plaintiff's request for injunctive relief based on the

10   IUDTPA because, under Illinois law, Plaintiff could not "plead a likelihood of

11   *future* harm because Plaintiff has already alleged at least indirectly that he

12   knows the CR-V does not fit five people," so "Plaintiff can simply avoid making

13   a subsequent purchase of a CR-V." [Dkt. No. 42, at 14] (citing *Aliano v.*

14   *WhistlePig, LLC*, No. 14 C 10148, 2015 WL 2399354, at \*4 (N.D. Ill. May 18,

15   2015) (emphasis in original).  In doing so, the Court distinguished *Davidson v.*

16   *Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) because it "did not involve

17   Illinois law[,] let alone an IUDTPA claim." [Dkt. No. 42, at 15 n.8.]

18           *Davidson*, however, applies squarely to injunctive relief under

19   California's consumer protection laws.  889 F.3d at 966 (UCL, CLRA, FAL).

20   And just as the plaintiff in *Davidson*, the California purchaser has adequately

21   alleged standing to request injunctive relief because he has "no way to determine

22   whether any of Honda's representations about the actual seating capacity of the

23   CR-V, or any of its vehicles, are, in fact, true." TAC, ¶ 54; *see Davidson*, 889

24   F.3d at 972 ("We therefore hold that Davidson's allegation that she has 'no way

25   of determining whether the representation 'flushable' is in fact true" when she

26   'regularly visits stores ... where Defendants' 'flushable' wipes are sold"

27   constitutes a 'threatened injury [that is] certainly impending,' thereby

28   establishing Article III standing to assert a claim for injunctive relief'").

1    With respect to the breach of warranty claim, this Court previously found

2  that, "at a minimum, Plaintiff has adequately pled a violation of the [Seat Belt

3  Limited Warranty]" as it "promises that Honda will 'repair or replace' any seat

4  belt which 'fails to function properly during normal use'" without limitations "to

5  problems arising from materials, workmanship or other specific causes." [Dkt.

6  No. 56, at 6.] As Honda has refused to repair the seat belts at issue in this action,

7  these facts are also sufficient to sustain a breach of express warranty under

8  California law. *See Hardt v. Chrysler Grp. LLC*, No.

9  SACV1401375SJOVBKX, 2015 WL 12683965, at *8 (C.D. Cal. June 15, 2015)

10  ("The facts pled amount to a failure to repair the transmission components to

11  resolve the Defect free of charge. Drawing inferences in favor of the nonmoving

12  party, Plaintiffs have sufficiently alleged a breach of the Express Warranty").

13  **VI.   CONCLUSION**

14    For the reasons set forth above, Plaintiff respectfully requests that this

15  Court grant Plaintiff's Motion for Leave to File the Third Amended Complaint.

16

17  Dated:    July 15, 2019               Respectfully submitted,

18                                        By: */s/ Kolin C. Tang*
                                          Kolin C. Tang
19                                        SHEPHERD, FINKELMAN, MILLER
                                          & SHAH, LLP
20                                        1401 Dove Street, Suite 540
                                          Newport Beach, CA 92660
21                                        Telephone: (323) 510-4060
                                          Facsimile: (866) 300-7367
22                                        Email:  ktang@sfmslaw.com

23                                        James C. Shah
                                          SHEPHERD, FINKELMAN, MILLER
24                                        & SHAH, LLP
                                          35. E. State Street
25                                        Media, PA 19063
                                          Telephone: (610) 891-9880
26                                        Facsimile: (866) 300-7367
                                          Email:  jshah@sfmslaw.com

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robert W. Murphy
MURPHY LAW FIRM
1212 SE 2nd Ave.
Ft. Lauderdale, FL 33316
Telephone (954) 763-8660
Facsimile: (854) 763-8607
Email: rwmurphy@lawfirmmurphy.com

Ryan R. Frasher
THE FRASHER LAW FIRM, P.C.
3209 W. Smith Valley Road, Ste. 253
Greenwood, IN 46142
Telephone (317) 300-8844
Facsimile: (317) 218-4501
Email: rfrasher@frasherlaw.com

*Attorneys for Plaintiff and the Proposed Class*

1

## **CERTIFICATE OF SERVICE**

2

3

I, Kolin C. Tang, hereby certify that on July 15, 2019, a true and correct

copy of Motion for Leave to File the Third Amended Complaint and

4

accompanying memoranda and exhibits were served upon all counsel of record

5

in this matter via ECF/CM.

6

7
                                        */s/Kolin C. Tang*
                                        Kolin C. Tang

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28