Michael L. Mallow (SBN 188745)
mmallow@shb.com
Rachel A. Straus (SBN 268836)
rstraus@shb.com
SHOOK, HARDY & BACON LLP
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
T: 424.285.8330
F: 424.204.9093

*Attorneys for Defendant*
*AMERICAN HONDA MOTOR CO., INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BILL SCHEPLER and ADRIAN GARCIA, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>　　　　　Defendant. | Case No. 2:18-CV-6043-GW-AFM<br><br>Assigned to: Hon. George H. Wu<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL**<br><br>Complaint filed: July 11, 2018<br>FAC filed: October 15, 2018<br>SAC filed: February 19, 2019<br>TAC filed: August 9, 2019 |

Defendant American Honda Motor Co., Inc. ("Honda"), pursuant to Fed. R. Civ. P. 12(a)(4)(A), answers the Third Amended Complaint ("TAC") of Plaintiffs Bill Schepler and Adrian Garcia ("Plaintiffs") as follows:

## **NATURE OF THE ACTION**

1.　　Honda admits Plaintiffs purport to bring this action on behalf of themselves and the proposed classes of persons described in Paragraph 1 of the TAC.

Honda denies any claims in this action are appropriate for class treatment. Honda further denies it deceptively marketed and advertised the CR-Vs' seating capacity, that the seat belt arrangement in CR-Vs in any way constitutes a safety issue, and that the utilization of a car seat can compromise the ability to maintain the buckled status of the belt. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 1.

2. Honda denies the allegations in Paragraph 2.

3. Honda admits Plaintiffs purport to bring this action on behalf of themselves and the proposed classes of persons described in Paragraph 3 of the TAC. Honda also admits Plaintiffs purport to allege violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, the California Consumers Legal Remedies Act, California's Unfair Competition Law, California's False Advertising Law, and breach of warranty under Illinois and California law. Honda denies any claims in this action are appropriate for class treatment. Honda also denies it engaged in "false and misleading advertising relating to the sale and lease of the CR-Vs" and denies it has violated the Illinois Consumer Fraud and Deceptive Business Practice Act, the California Consumers Legal Remedies Act, California's Unfair Competition Law, or California's False Advertising Law, or breached any warranty under Illinois or California law. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. Without admitting Plaintiffs' claims are properly pled, which Honda denies, Honda admits Plaintiffs purport to assert subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A). Honda denies class treatment of Plaintiffs' claims is appropriate. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 4.

5.     Honda admits that venue is proper in this judicial district. Honda denies the remaining allegations contained in Paragraph 5.

6.     Honda does not understand what Plaintiffs mean by "engaged in," but admits it was involved in the marketing and advertising of the CR-Vs. Honda also admits it distributes Honda vehicles in the United States through a network of authorized independent automobile dealers. Honda denies any and all remaining allegations in Paragraph 6.

## PARTIES

7.     Honda lacks sufficient information to admit or deny the allegations in Paragraph 7, and therefore, denies the allegations in Paragraph 7.

8.     Honda lacks sufficient information to admit or deny the allegations in Paragraph 7, and therefore, denies the allegations in Paragraph 8.

9.     Honda admits it is a North American subsidiary of Honda Motor Co., Ltd., and was founded in 1959. Honda further admits it is a California corporation with its principal offices located in Torrance, California. Honda admits it markets and distributes Honda products within the United States and this District. Whether Honda is a "citizen of California" is a legal conclusion, to which a response is not required. Honda denies any and all remaining allegations in Paragraph 9.

## SUBSTANTIVE ALLEGATIONS

10.    Honda admits Plaintiffs purport to assert an action on behalf of themselves and all persons who purchased or leased a CR-V in Illinois or California. Honda expressly denies Plaintiffs' or putative class members' claims have any merit or are amenable to class treatment.

11.    Honda admits the allegations in Paragraph 11.

12.    Honda admits that the website referenced in Paragraph 12 and Footnote 1 of the TAC states the CR-V has a seating capacity of five and that there are "3-Point Seat Belts at all Seating Positions," with the clarification that the 2017 CR-V was a

full model change from the previous model. The information on the website referenced in Paragraph 12 and Footnote 1 speaks for itself, and to the extent the allegations in Paragraph 12 vary therewith, Honda denies those allegations. Honda denies any and all remaining allegations in Paragraph 12.

13.    Honda admits it issued the November 30, 2016 press release referenced in Paragraph 13 and Footnote 2 of the TAC, which speaks for itself and no response from Honda is required.

14.    As of August 15, 2019, Honda is unable to access the website referenced in Paragraph 15 and Footnote 3 of the TAC (https://www.caranddriver.com/reviews/2018-honda-cr-v-in-depth-model-review) because the website is automatically re-routed to https://www.caranddriver.com/honda/cr-v. Accordingly, Honda lacks sufficient information to admit or deny whether the allegations in Paragraph 15 accurately reflect the information on the referenced website, and therefore, denies the allegations in Paragraph 15. The allegations of Paragraph 15 are otherwise too vague to admit or deny and, therefore, Honda denies the allegations in Paragraph 15.

15.    The website link referenced in Paragraph 15 and Footnote 4 of the TAC (https://automobiles.honda.com/cr-v?from=crv.honda.com#) is operable as of August 15, 2019; however, the referenced "2018 CR-V Brochure" is not accessible through the referenced link. Presumably, the referenced brochure speaks for itself, and to the extent the allegations in Paragraph 15 vary therewith, Honda denies those allegations. Honda denies any and all remaining allegations in Paragraph 15

16.    Honda lacks sufficient information to admit or deny the allegations in Paragraph 16, and therefore, denies the allegations in Paragraph 16.

17.    The website purportedly for the "2018 Owner's Manual" referenced in Paragraph 17 and Footnote 5 of the TAC (*i.e.*, http://techinfo.honda.com/rjanisis/pubs/QS/AH/ATLA1818OG/enu/ATLA1818OG.PDF) is actually for the Owner's

*Guide* for the 2018 CR-V; the Owner's Manual for the 2018 CR-V is available at http://techinfo.honda.com/rjanisis/pubs/OM/AH/ATLA1818OM/enu/ ATLA1818OM.PDF. Notwithstanding the foregoing, Honda admits that the referenced 2017 CR-V Owner's Guide (at pages 8-10, not pages "5-8") and the 2018 Owner's Manual for CR-V vehicles (at pages 40-48) are sections entitled "Seat Belts;" and to the extent the allegations in Paragraph 17 vary therewith or attempt to assign meaning to the statements in the Owner's Guide or Owner's Manual, Honda denies those allegations. Whether the 2017 CR-V Owner's Guide and 2018 Owner's Manual for CR-V vehicles "promise and warrant that [the CR-V] has a capacity of five," is a legal conclusion, not requiring a response from Honda. To the extent a response is required, and except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 17.

18.   The referenced 2017 CR-V Owner's Guide and 2018 Owner's Manual for CR-V vehicles speak for themselves, and to the extent the allegations in Paragraph 18 vary therewith or attempt to assign meaning to the statements in the Owner's Guide or Owner's Manual, Honda denies those allegations. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 18.

19.   The referenced 2017 CR-V Owner's Guide and 2018 Owner's Manual for CR-V vehicles speak for themselves, and to the extent the allegations in Paragraph 19 vary therewith or assign meaning to the statements in the Owner's Guide or Owner's Manual, Honda denies those allegations. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 19.

20.   The referenced 2017 CR-V Owner's Guide and 2018 Owner's Manual for CR-V vehicles speak for themselves, and to the extent the allegations in Paragraph 20 vary therewith, Honda denies those allegations. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 20.

21.   Honda lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 21, and therefore, denies those allegations. Honda denies the allegations in the second sentence of Paragraph 21.

22.   Honda lacks sufficient information to admit or deny whether the picture is an accurate representation of Plaintiff's vehicle, and therefore, denies it is an accurate representation. Honda denies any and all remaining allegations in Paragraph 22.

23.   Honda denies the allegations in Paragraph 23.

24.   Honda denies the allegations in Paragraph 24.

25.   Honda admits it provides a three-year, 36,000 mile limited new vehicle warranty for CR-Vs ("NVLW"), and that the internet links referenced in Footnote 12 are to the warranty booklets for 2017 and 2018 CR-V vehicles, but the NVLW warranty is irrelevant because the Court found Plaintiff failed to state a breach of Honda's NVLW. Dkt. No. 56 at 5-6.

26.   The Seat Belt Limited Warranty ("SBLW") referenced in Paragraph 26 speaks for itself, and to the extent the allegations in Paragraph 26 vary therewith, Honda denies those allegations. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 26, including that it breached the SBLW.

27.   Honda denies the allegations in Paragraph 27.

28.   The referenced 2017 CR-V Owner's Guide and 2018 Owner's Manual for CR-V vehicles speak for themselves, and to the extent the allegations in Paragraph 28 vary therewith, Honda denies those allegations. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 28.

29.   Honda lacks sufficient information to admit or deny whether the picture is an accurate representation of Plaintiff's vehicle, and therefore, denies it is an accurate representation. Honda admits "the configuration of the buckles is such that

the middle passenger's anchor buckle is to the left of the rear driver's-side passenger's buckle." Honda denies any and all remaining allegations in Paragraph 29.

30. Honda lacks sufficient information to admit or deny whether the picture is an accurate representation of Plaintiff's vehicle, and therefore, denies it is an accurate representation. Honda denies any and all remaining allegations in Paragraph 30.

31. Honda denies the allegations in Paragraph 31.

32. Honda lacks sufficient information to admit or deny whether the picture is an accurate representation of Plaintiff's vehicle, and therefore, denies it is an accurate representation. Honda denies any and all remaining allegations in Paragraph 32.

33. Honda lacks sufficient information to admit or deny whether the pictures are an accurate representation of Plaintiff's vehicle, and therefore, denies they are accurate representations. Honda further denies that consumers would reasonably utilize the anchor buckle together with a LATCH-compatible car seat (which utilize the lower anchors in the vehicle) and as such, the photographs in Paragraph 33 represent an unreasonable hypothetical and speculative scenario.

34. Honda lacks sufficient information to admit or deny whether the pictures are an accurate representation of Plaintiff's vehicle, and therefore denies they are accurate representations. Honda denies any and all remaining allegations in Paragraph 34.

35. Honda lacks sufficient information to admit or deny whether the pictures are an accurate representation of Plaintiff's vehicle, and therefore, denies they are accurate representations. Honda denies any and all remaining allegations in Paragraph 35.

36. Honda denies the allegations in Paragraph 36.

37. Honda denies the allegations in Paragraph 37.

38.   Honda denies the allegations in Paragraph 38.

**Plaintiffs' Experiences With Their CR-Vs**

**Schepler**

39.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 39, and therefore, denies the allegations in Paragraph 39.

40.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 40, and therefore, denies the allegations in Paragraph 40.

41.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 41, and therefore, denies the allegations in Paragraph 41.

42.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 42, and therefore, denies the allegations in Paragraph 42.

43.   The referenced service invoice speaks for itself, and to the extent the allegations in Paragraph 43 vary therewith, Honda denies those allegations. Honda lacks sufficient information to admit or deny the remaining allegations in Paragraph 43, and therefore, denies the remaining allegations in Paragraph 43.

44.   Honda denies the allegations in Paragraph 44.

45.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 45, and therefore, denies the allegations in Paragraph 45.

**Garcia**

46.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 46, and therefore, denies the allegations in Paragraph 46.

47.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 47, and therefore, denies the allegations in Paragraph 47.

48.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 48, and therefore, denies the allegations in Paragraph 48.

49.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 49, and therefore, denies the allegations in Paragraph 49.

50.   The referenced service invoice speaks for itself, and to the extent the allegations in Paragraph 50 vary therewith, Honda denies those allegations. Honda lacks sufficient information to admit or deny the remaining allegations in Paragraph 50, and therefore, denies the remaining allegations in Paragraph 50.

51.   Honda admits that it received a letter dated June 6, 2019 from Garcia's counsel.  Honda denies any and all remaining allegations in Paragraph 51.

52.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 52, and therefore, denies the allegations in Paragraph 52.

53.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 53, and therefore, denies the allegations in Paragraph 53.

54.   Honda denies the allegations in Paragraph 54.

**Class Members' Experiences with the CR-Vs**

55.   Honda lacks sufficient information to admit or deny the circumstances of the individual examples provided in Paragraph 55 and whether "Plaintiffs' experience mirrors those of numerous other CR-V purchasers," and therefore, denies the allegation. Honda denies any and all remaining allegations in Paragraph 55, including that any CR-V owners, including Plaintiffs, were unable to "safely seat all three backseat passengers simultaneously, including when using a car seat, because the seats belt caught, overlapped, or twisted."

56.   Honda lacks sufficient knowledge to admit or deny the circumstances of the individual examples provided in Paragraph 56, and therefore, the allegations. Honda denies any and all remaining allegations in Paragraph 56.

57.   Honda denies the allegations in Paragraph 57.

58.   Honda denies the allegations in Paragraph 58.

59.   Honda denies the allegations in Paragraph 59.

**California Contacts**

60.   Honda admits it is headquartered in Torrance, California and is located at 1919 Torrance Boulevard.

61.   The allegations of Paragraph 61 are too vague to admit or deny and, therefore, Honda denies the allegations in Paragraph 61.

62.   The allegations of Paragraph 62 are too vague to admit or deny and, therefore, Honda denies the allegations in Paragraph 62.

63.   Honda denies the allegations in Paragraph 63.

64.   Honda admits marketing and advertising personnel are employed at its offices in California. Honda denies any and all remaining allegations in Paragraph 64.

65.   Honda denies the allegations in Paragraph 65.

66.   Honda denies the allegations in Paragraph 66.

67.   Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, Honda admits it is a California corporation with its principal offices located in Torrance, California.

68.   Honda denies the allegations in Paragraph 68.

69.   Honda admits Plaintiffs purport to seek the remedies listed in Paragraph 69, but denies Plaintiffs or any putative class member are entitled to those or any other remedies.

## CLASS ACTION ALLEGATIONS

70.   Honda admits Plaintiffs purport to bring this case on behalf of putative classes and seek certification pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3). Honda denies class certification is appropriate and expressly denies any claims in this action are appropriate for class treatment. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 70.

71.   Honda admits Plaintiffs purport to bring this case on behalf of putative classes, subject to certain exclusions, as described in Paragraph 71. Honda denies class certification is appropriate and expressly denies any claims in this action are

10

appropriate for class treatment. Except as expressly admitted, Honda denies any and all remaining allegations in Paragraph 71.

72.   The information referenced in Paragraph 72 and Footnotes 17 and 18 of the TAC speak for themselves, and to the extent the allegations in Paragraph 72 vary therewith, Honda denies those allegations. Honda denies any and all remaining allegations in Paragraph 72 and specifically denies class treatment of Plaintiffs' claims is appropriate.

73.   Honda denies the allegations in Paragraph 73 and its subparts, and specifically denies class treatment of Plaintiffs' claims is appropriate.

74.   Honda denies the allegations in Paragraph 74 and specifically denies class treatment of Plaintiffs' claims is appropriate.

75.   Honda denies the allegations in Paragraph 75 and specifically denies class treatment of Plaintiffs' claims is appropriate.

76.   Honda denies the allegations in Paragraph 76 and specifically denies class treatment of Plaintiffs' claims is appropriate.

77.   Honda denies the allegations in Paragraph 77 and specifically denies class treatment of Plaintiffs' claims or injunctive relief is appropriate.

## COUNT I
**Violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 On Behalf of the Class**

78.   Honda realleges and incorporates the responses set forth above as if fully stated herein.

79.   815 ILCS 505/2 speaks for itself, and to the extent the allegations in Paragraph 79 vary therewith, Honda denies those allegations. Honda further denies it violated 815 ILCS 505/2.

80.   Honda denies the allegations in Paragraph 80.

81.   Honda denies the allegations in Paragraph 81.

82.   Honda denies the allegations in Paragraph 82.

## COUNT II
**Breach of Express Warranty**
**On Behalf of the Class Under Illinois Law**

83. Honda realleges and incorporates the responses set forth above as if fully stated herein.

84. 818 ILCS 5/2-312 to 5/2-318 speak for themselves, and to the extent the allegations in Paragraph 84 vary therewith, Honda denies those allegations. Honda denies any and all remaining allegations in Paragraph 84 including it violated 818 ILCS 5/2-312 to 5/2-318.

85. Honda's Seat Belt Limited Warranty speaks for itself, and to the extent the allegations in Paragraph 85 vary therewith, Honda denies those allegations. Honda denies any and all remaining allegations in Paragraph 85, including it violated the SBLW.

86. Honda denies the allegations in Paragraph 86.

87. Honda denies the allegations in Paragraph 87.

88. Honda denies the allegations in Paragraph 88.

89. Honda lacks sufficient information to admit or deny the allegations in Paragraph 89 regarding the manner in which Schepler and the Illinois Class members used their CR-Vs, and therefore, denies such allegations in Paragraph 89. Honda denies the remaining allegations in Paragraph 89.

90. Honda denies the allegations in Paragraph 90.

91. Honda denies the allegations in Paragraph 91.

92. Honda denies the allegations in Paragraph 92.

93. Honda denies the allegations in Paragraph 93.

94. Honda denies the allegations in Paragraph 94.

95. Honda denies the allegations in Paragraph 95.

## COUNT III
**Violation of Consumer Legal Remedies Act**
**California Civil Code § 1750, *et seq.***

**On Behalf of the California Class**

96.     Honda realleges and incorporates the responses set forth above as if fully stated herein.

97.     Honda admits Plaintiff Garcia purports to bring this cause of action under the CLRA. Honda lacks sufficient information to admit or deny the allegations in Paragraph 97 as to whether Garcia and members of the California Class are consumers as defined by California Civil Code § 1761(d), and the CR-Vs constitute goods within the meaning of the CLRA, and therefore, denies such allegations in Paragraph 97.

98.     Honda denies the allegations in Paragraph 98 and each of its subparts.

99.     Honda lacks sufficient information to admit or deny the allegations in Paragraph 99 regarding the reasonableness of Garcia's and members' of the California Class actions with respect to the matters alleged in the TAC, and therefore, denies such allegations in Paragraph 99. Honda denies the remaining allegations in Paragraph 99.

100.   Honda lacks sufficient information to admit or deny the allegations in Paragraph 100 regarding the materiality of any representations alleged in the TAC to Garcia and members of the California Class, and therefore, denies such allegations in Paragraph 100. Honda denies the remaining allegations in Paragraph 100.

101.   Honda denies Plaintiff and the putative class are entitled to injunctive relief. Paragraph 101 otherwise states an argumentative legal conclusion to which no response is required. To the extent a response is required, Honda denies any and all allegations in Paragraph 101.

102.   Honda denies the allegations in Paragraph 102.

103.   Honda denies Plaintiff and the putative class are entitled to any of the relief requested in Paragraph 103.

**COUNT IV**
**False and Misleading Advertising in Violation of**
**California Business and Professions Code, § 17500, *et seq.***
**On Behalf of the California Class**

104. Honda realleges and incorporates the responses set forth above as if fully stated herein.

105. Honda denies the allegations in Paragraph 105.

106. Honda denies the allegations in Paragraph 106.

107. Honda denies the allegations in Paragraph 107.

108. Honda lacks sufficient information to admit or deny the allegations in Paragraph 108 regarding what or to what extent Garcia and members of the California Class based their decisions to purchase their CR-Vs on any representations alleged in the TAC, and therefore, denies such allegations in Paragraph 108. Honda denies the remaining allegations in Paragraph 108.

109. Honda denies the allegations in Paragraph 109.

110. Honda denies the allegations in Paragraph 110.

111. Honda denies Plaintiff and the putative class are entitled to any of the relief requested in Paragraph 111. Paragraph 111 states an argumentative legal conclusion to which no response is required. To the extent a response is required, Honda denies any and all allegations in Paragraph 111.

**<u>COUNT V</u>**
**Unlawful, Unfair, and Fraudulent Business Practices in Violation of**
**California Business and Professions Code, § 17200, *et seq.***
**On Behalf of the California Class**

112. Honda realleges and incorporates the responses set forth above as if fully stated herein.

113. The UCL speaks for itself, and to the extent the allegations in Paragraph 113 vary therewith, Honda denies those allegations. Honda further denies it violated the UCL.

114. Honda denies the allegations in Paragraph 114.

115. Honda denies the allegations in Paragraph 115.

116. Honda denies the allegations in Paragraph 116.

14

117.  Honda denies the allegations in Paragraph 117.

118.  Honda denies the allegations in Paragraph 118.

119.  Honda denies the allegations in Paragraph 119.

120.  Honda denies the allegations in Paragraph 120.

121.  Honda denies the allegations in Paragraph 121.

122.  Honda denies the allegations in Paragraph 122.

## COUNT VI
### Breach of Express Warranty Under California Law
### On Behalf of the California Class

123.  Honda realleges and incorporates the responses set forth above as if fully stated herein.

124.  Cal. Com. Code. § 2313 speaks for itself, and to the extent the allegations in Paragraph 124 vary therewith, Honda denies those allegations. Honda denies any and all remaining allegations in Paragraph 124 including it violated Cal. Com. Code. § 2313.

125.  The SBLW speaks for itself, and to the extent the allegations in Paragraph 125 vary therewith, Honda denies those allegations. Honda denies any and all remaining allegations in Paragraph 125, including it violated the SBLW.

126.  Honda denies the allegations in Paragraph 126.

127.  Honda denies the allegations in Paragraph 127.

128.  Honda denies the allegations in Paragraph 128.

129.  Honda lacks sufficient information to admit or deny the allegations in Paragraph 129 regarding the manner in which Garcia and the California Class members used their CR-Vs, and therefore, denies such allegations in Paragraph 129. Honda denies the remaining allegations in Paragraph 129.

130.  Honda denies the allegations in Paragraph 130.

131.  Honda denies the allegations in Paragraph 131.

132.  Honda denies the allegations in Paragraph 132.

133. Honda denies the allegations in Paragraph 133.

134. Honda denies the allegations in Paragraph 134.

135. Honda denies that it breached any warranty. Honda denies that Garcia and the putative California Class are entitled to any of the relief requested in Paragraph 135.

## PRAYER FOR RELIEF

Honda denies Plaintiffs and the putative classes are entitled to any of the relief requested in Plaintiffs' Prayer for Relief Paragraphs (a) through (h).

## GENERAL DENIAL

Honda denies each and every allegation of the TAC not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Honda's affirmative defenses to Plaintiffs' TAC are set forth below. By setting forth the following allegations and defenses, however, Honda does not assume the burden of proof on matters and issues other than those on which Honda has the burden of proof as a matter of law.

## FIRST AFFIRMATIVE DEFENSE

The TAC fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, the sales contracts pursuant to which Plaintiffs and/or some or all members of the proposed classes purchased or leased their vehicles contain arbitration clauses that may require some or all of the claims asserted herein to be resolved through arbitration.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the claims made in Plaintiffs' TAC, including claims made on behalf of the proposed putative classes, are barred because the named Plaintiffs and/or members of the proposed putative class lack standing.

16

### FOURTH AFFIRMATIVE DEFENSE

The expenses incurred by Plaintiffs, if any, were proximately and actually caused, in whole or in part, by the acts or omissions on the part of Plaintiffs and/or others for whose conduct Honda is not responsible.

### FIFTH AFFIRMATIVE DEFENSE

Any claims for damages or other monetary recovery by Plaintiffs and/or members of the proposed classes must be offset and reduced by the value received from the vehicles purchased or leased.

### SIXTH AFFIRMATIVE DEFENSE

If in this or other tribunals any persons or entities claiming to be members of the proposed classes have settled, or are in the process of settling, similar or the same claims as those alleged in the TAC, they may be barred from recovery, in whole or in part, by such settlements.

### SEVENTH AFFIRMATIVE DEFENSE

If any persons claiming to be members of the proposed classes have resolved similar or the same claims as those alleged in the TAC, they may be barred from recovery, in whole or in part, on the ground that they are subject to the defense of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes are time-barred, in whole or in part, under the applicable statute of limitations, statute of repose, and/or by the doctrines of waiver, estoppel and/or laches.

### NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, because they have made statements and/or taken actions which estop them from asserting their claims.

### TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes are barred, in whole or in part, to the extent they engaged in unlawful, inequitable, or improper conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent any injury sustained by Plaintiffs and/or members of the proposed classes was caused by their own conduct, whether negligent or otherwise. Further, Plaintiffs and/or members of the proposed classes who misused and/or abused the vehicle are barred, in whole or in part, from recovery.

### TWLEFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes are barred, in whole or in part, to the extent they have failed to mitigate damages and/or have caused some or all of the alleged damage of which they now complain.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or members of the proposed classes whose vehicles have been altered, modified, or changed are barred, in whole or in part, from recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, due to the intervening cause of another party.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, because Plaintiffs and members of the proposed class cannot meet their burden of showing any acts, conduct, statement or omissions on the part of Honda were likely to mislead.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent there is no legal injury, including no injury to person who purchased or leased the vehicles in question and experienced no problems.

## SEVENTEENTH AFFIRMATIVE DEFENSE

If any persons or entities claiming to be members of the proposed classes have released claims, they may be barred from recovery, in whole or in part, by such releases.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is not properly maintained as a class action because the requirements under federal law for class certification are not met and because certification of the proposed classes would result in a denial of due process to Honda as well as to the proposed classes.

## NINETEENTH AFFIRMATIVE DEFENSE

The action is not appropriate for class treatment because Plaintiffs' claims necessarily revolve around the individual usage of the vehicles by Plaintiffs and each member of the proposed classes.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable remedies are barred because: (a) Plaintiffs and members of the proposed putative classes have an adequate remedy at law; (b) Plaintiffs and the proposed putative class's claims are moot as Honda does not sell vehicles directly to the public; and/or (c) the doctrine of primary jurisdiction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any claims for incidental or consequential damages are barred by written disclaimers.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Honda's practice described in the TAC is not "unfair" within the meaning of California Business and Professions Code § 17200 because the benefits of the alleged practice outweighs the alleged harm to consumers.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Honda's practice described in the TAC is not "unfair" within the meaning of California Business and Professions Code § 17200 based upon Honda's reasons, justifications, and motives for the business practice.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Honda's practice described in the TAC is not "unfair" within the meaning of California Business and Professions Code § 17200 because Plaintiffs and members of propose class had reasonably available alternatives.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Honda's practice described in the TAC is not "unfair" within the meaning of California Business and Professions Code § 17200 because the alleged practice does not violate established public policy and is not immoral, unethical, oppressive or unscrupulous.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for unfair-business practices under California Business and Professions Code § 17200 is barred because the claim is not tethered to a legislatively-declared policy.

### RESERVATION AS TO ANY ADDITIONAL AFFIRMATIVE DEFENSES

Honda has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiffs and on behalf of persons claimed to be members of the proposed classes. Honda, therefore, reserves the right to raise additional defenses as appropriate.

## **PRAYER**

WHEREFORE, Honda prays:

1. Plaintiffs and members of the proposed classes take nothing by reason of this suit;

2. Judgment be entered in Honda's favor as to all remaining causes of action;

3. For costs of suit;

4. The proposed certification of any class herein be denied; and

5. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant Honda hereby demands trial of all issues in this action by jury.

Dated: August 23, 2019                    SHOOK, HARDY & BACON L.L.P.


                                          By: *Rachel A. Straus*_____
                                          Attorneys for American Honda Motor Co., Inc.

21